UNITED STATES *v.* LA FRANCA.

No. 74. Argued January 27, 1931.—Decided February 24, 1931.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher* and *Messrs. John J. Byrne* and *Paul D. Miller* were on the brief, for the United States.

*Mr. E. Howard McCaleb, Jr.,* with whom *Mr. E. Howard McCaleb* was on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Respondent was sued in a federal district court for non-payment of taxes and penalties. The petition alleged that he had sold intoxicating liquor at various times in his restaurant, and by reason thereof had become a retail liquor dealer and incurred liabilities as follows: In the sum of $37.50, retail liquor dealer's tax under R. S. § 3244 for a period of nine months, doubled under § 35,

Title 2, of the National Prohibition Act; $4.68, penalty imposed by R. S. § 3176, as amended, for failure to make and file a return as a retail liquor dealer; $1,500, special tax under § 701 of the Revenue Act of 1924 for engaging in the business of retail liquor dealer in Louisiana contrary to the law of that state, being for a period of nine months and doubled under § 35; $500, penalty, in addition to the retail liquor dealer's tax imposed by § 35.

Prior to the commencement of the action respondent had been convicted and fined upon an information filed by the United States under the National Prohibition Act, charging him with the same unlawful sales of intoxicating liquor set forth in the petition as the basis for the imposition of the taxes and penalties sought to be recovered. There is no dispute about the facts. They are alleged in the petition and, in detail, made the subject of a stipulation of the parties in the district court. Pleas of former jeopardy and of *res judicata* were overruled by the district court, a jury was waived, and judgment for the United States entered for the full amount sued for. The court of appeals reversed the judgment on the ground that the action was barred by § 5 of the Willis-Campbell Act. 37 F. (2d) 269.

The point is made that respondent failed to enter an exception to the order of the district court overruling the pleas, but, since the facts were agreed to by stipulation entered of record, the failure to note an exception to the order will not preclude their consideration. Certainly it does not appear that an exception was necessary to direct the mind of the trial court to the precise point to afford opportunity for reconsideration, which is one of the functions of an exception. *United States* v. *U. S. Fidelity Co.*, 236 U. S. 512, 529; *Fillippon* v. *Albion Vein Slate Co.*, 250 U. S. 76, 82. And an exception is not necessary to open for our consideration a question of law apparent on the record, as it is here, where there is nothing

in the record to indicate waiver of the respondent's rights. *Denver* v. *Home Savings Bank,* 236 U. S. 101, 103–104.

By § 35, Title 2, of the National Prohibition Act, c. 85, 41 Stat. 305, 317 (U. S. C., Title 27, § 52), it is provided that the act—

" shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in [intoxicating] liquor. No liquor revenue stamps or tax receipts for any illegal manufacture or sale shall be issued in advance, but upon evidence of such illegal manufacture or sale a tax shall be assessed against, and collected from, the person responsible for such illegal manufacture or sale in double the amount now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers."

Section 5 of the Willis-Campbell Act, c. 134, 42 Stat. 222, 223 (U. S. C., Title 27, § 3), so far as pertinent here provides:

" That all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this Act; but if any act is a violation of any of such laws and also of the National Prohibition Act or of this Act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other."

By § 701, par. 9, of the Revenue Act of 1924, c. 234, 43 Stat. 253, 327 (U. S. C., Title 26, § 206), it is provided that every person carrying on the business of retail liquor dealer, etc., in any state, etc., contrary to the laws of such state, etc., or in any place where the carrying on of such business is prohibited by local or municipal law, shall pay in addition to all other taxes, $1,000. This section

was passed in lieu of a similar provision in the Revenue Act of 1918, repeated in the Revenue Act of 1921. The government, accordingly, treats the item sought to be recovered under § 701 as having been imposed by an act in force prior to the National Prohibition Act. With that view we agree.

Of the four items involved, two unmistakably are penalties, and are so denominated. The other two, notwithstanding they are called taxes, are in their nature also penalties. Putting aside for later consideration the item of $4.68, we consider, for the present, only the other three items.

By § 35, *supra*, it is provided that upon evidence of an illegal sale under the National Prohibition Act, a tax shall be assessed and collected in double the amount now provided by law. This, in reality, is but to say that a person who makes an illegal sale shall be liable to pay a " tax " in double the amount of the tax imposed by preëxisting law for making a legal sale, which existing law renders it impossible to make. A tax is an enforced contribution to provide for the support of government; a penalty, as the word is here used, is an exaction imposed by statute as punishment for an unlawful act. The two words are not interchangeable, one for the other. No mere exercise of the art of lexicography can alter the essential nature of an act or a thing; and if an exaction be clearly a penalty it cannot be converted into a tax by the simple expedient of calling it such. That the exaction here in question is not a true tax, but a penalty involving the idea of punishment for infraction of the law is settled by *Lipke* v. *Lederer*, 259 U. S. 557, 561–562. See also *Regal Drug Corp.* v. *Wardell*, 260 U. S. 386. There is nothing in *United States* v. *One Ford Coupe*, 272 U. S. 321, or *Murphy* v. *United States*, 272 U. S. 630, to the contrary. The first of these cases was a proceeding to forfeit an automobile because used in violation of law; the other

was a suit in equity to enjoin the occupation and use of premises for a year because used in the commission of offenses under the National Prohibition Act, and to abate the maintenance as a nuisance. The distinction made by these four cases is that in the first two, the purpose of the proceedings was punishment; while, as to the other two, the purpose in the first case was to enforce a simple tax, not one which had been, as here, converted, by a change of its nature, into a penalty, and in the second case the purpose was prevention. *Murphy* v. *United States, supra,* p. 632. Respondent already had been convicted and punished in a criminal prosecution for the identical transactions set forth as a basis for recovery in the present action. He could not again, of course, have been prosecuted criminally for the same acts. Does the fact that the second case is a civil action, under the circumstances here disclosed, alter the rule?

In *United States* v. *Chouteau,* 102 U. S. 603, a distiller and his sureties were sued upon a bond, one of the breaches of which was that the distiller had removed spirits from his distillery without first paying the tax thereon. To this it was pleaded that before the suit was brought two indictments had been found against the distiller for the same removals, and that upon the recommendation of the Attorney General the government had accepted a specified sum in compromise and satisfaction of the indictments, which were thereupon dismissed and abandoned. The court held that the compromise was the same in principle as a conviction in the criminal proceedings, and that the action was barred; and at page 611 said:

"Admitting that the penalty may be recovered in a civil action, as well as by a criminal prosecution, it is still as a punishment for the infraction of the law. The term 'penalty' involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution. The

compromise pleaded must operate for the protection of the distiller against subsequent proceedings as fully as a former conviction or acquittal. He has been punished in the amount paid upon the settlement for the offence with which he was charged, and that should end the present action, according to the principle on which a former acquittal or conviction may be invoked to protect against a second punishment for the same offence. To hold otherwise would be to sacrifice a great principle to the mere form of procedure, and to render settlements with the government delusive and useless."

In *United States* v. *McKee*, 4 Dill. 128, where the defendant was indicted, convicted and punished for conspiring with others to defraud the United States by unlawfully removing distilled spirits from their distilleries without the payment of taxes, it was held by Mr. Justice Miller and Judge Dillon, sitting together, that this constituted a bar to a civil suit to recover the penalty of double the amount of the taxes of which the government had been defrauded by means of the conspiracy, the transactions in both cases being the same. To the same effect, see *United States* v. *Gates*, 25 Fed. Cas. 1263, Case No. 15,191.

In the light of these decisions it is clear that if the Willis-Campbell Act be so construed as to justify a recovery in this case, a grave question as to the constitutionality of the act will be presented. The decisions of this court are uniformly to the effect that "A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." *United States* v. *Jin Fuey Moy*, 241 U. S. 394, 401; *United States* v. *Standard Brewery*, 251 U. S. 210, 220; *Baender* v. *Barnett*, 255 U. S. 224, 226. Doubts as to the meaning of the Willis-Campbell Act, in respect of the questions here for consideration, therefore, must be resolved in acc rda e with this rule.

Section 5 of the act continues in force all laws in regard to taxation of, and traffic in, intoxicating liquor and penalties for violations of such laws as were in force when the National Prohibition Act was enacted; but with the proviso that a conviction for an act or offense under one shall be a bar to prosecution under the other. The question whether this proviso applies to the present case turns mainly upon the scope and meaning of the word "prosecution," since there is no doubt that respondent had been convicted under the National Prohibition Act of the offense of making the same illegal sales as those alleged as a basis for the imposition of the "taxes" and penalties sought to be recovered in the civil action. The government contends that the word implies a criminal proceeding and can not be extended to include a civil action. But an action to recover a penalty for an act declared to be a crime is, in its nature, a punitive proceeding, although it take the form of a civil action; and the word " prosecution " is not inapt to describe such an action. In the *McKee* case, *supra,* Mr. Justice Miller evidently held that opinion, since he used both the words "offense" and "prosecution" in characterizing the civil action there under consideration. In any event, we should feel bound to resolve a greater doubt than we now entertain in favor of that interpretation of the word so as to avoid the grave constitutional question which otherwise would arise.

We find no merit in the contention of the government that, as additional amounts resulted from doubling the taxes imposed by R. S. § 3244 and § 701 of the Revenue Act of 1924 and adding penalties, the civil action, in so far as the additional amounts are concerned, arose solely under the National Prohibition Act, and not, as the Willis-Campbell Act contemplates, under preexisting acts. Except for these prior statutes, there would be no basis for seeking to impose a liability on respondent for the

amounts sued for in the civil action. Section 35 of the act, in effect, amended the preceding statutes in the particulars stated; and, as thus amended, these statutes now are to be read, as to all subsequent occurrences, as if they had originally been in the amended form. *Blair* v. *Chicago,* 201 U. S. 400, 475; *Pennsylvania Co.* v. *United States,* 236 U. S. 351, 362; *Kelleher* v. *French,* 22 F. (2d) 341, 347; *Cumberland Tel. & Tel. Co.* v. *Memphis,* 200 Fed. 657, 660–661; *Farrell* v. *State,* 54 N. J. L. 421, 423–424; *Russell* v. *State,* 161 Ind. 481, 482. To hold that the acts of respondent in question were not violations of these preceding laws as amended, as well as of the National Prohibition Act, would be to give a narrow and strained application to this provision of the Willis-Campbell Act, and to raise the very doubts in respect of its constitutionality which we are bound to avoid if reasonably it can be done.

The government seeks to draw a distinction between the item of $4.68 and the other items, on the ground that the former constitutes a penalty for failure to make and file a return, and respondent was never charged with, or convicted of, an offense involving that omission. Neither the court of appeals nor the district court dealt with the question. The decisions in both courts proceeded upon the theory that all of the items were subject to the same rule; and the record plainly indicates that this was and had been the theory of the government throughout until it came to the preparation of its final brief in this court. The distinction now made was not referred to in the government's petition for certiorari, or in the brief filed in support of it. The point suggests questions which the court of appeals should have been given an opportunity to decide, that is to say, whether a second jeopardy results from the fact, if it be such, that the recovery of the penalty depends upon proof of the same criminal offense of which respondent had theretofore been convicted; and

whether requiring under penalty a return as a retail liquor dealer, amounting, as it plainly does, to an admission of criminal liability, violates the rule against compulsory self-incrimination. In this situation we do not now feel called upon to consider or decide the point. If the government, in view of the foregoing and of our decision upon the questions in respect of which the writ of certiorari was granted, shall still desire to press its contention, it will be given an opportunity to do so by first presenting it to the trial court.

The judgment of the court of appeals will be affirmed and the cause remanded to the district court for further proceedings in conformity with this opinion, without prejudice to the further consideration and determination by the district court of the question of liability in respect of the item of $4.68.

*Affirmed.*