### UNITED STATES v. HUIE.[*]
### No. 7514.

Circuit Court of Appeals, Fifth Circuit.

Nov. 6, 1934.

Joseph H. San, Atty., Dept. of Justice, of New York City, and Lawrence S. Camp, U. S. Atty., and Lawton H. Ware, Atty., Veterans Administration, both of Atlanta, Ga., for appellant.

Thomas M. Stubbs and W. A. McClain, both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a judgment for the plaintiff in an action on a five-year convertible term life insurance policy issued by the United States. A jury was waived in writing, and the case was tried by the court on an agreed statement of facts.

The policy was issued July 1, 1927. Premiums were payable monthly, quarterly, semiannually, or annually, and were required to be paid when due, except that a grace of 31 days without interest was allowed. Up-

on default in payment of premium and the expiration of the grace period, the policy, unless surrendered for cash or paid-up insurance, lapsed except as it was automatically extended as term insurance for an amount equal to the face value less indebtedness for such time "from the due date of the premium in default" as the cash value would purchase when applied as a net single premium. After the policy had been in force for twelve months, the reserve, if any, "together with any dividend accumulations," could be used by the insured to purchase paid-up term insurance upon his written request. But in the absence of such "written request and surrender of the policy before expiration of the grace period, then the reserve, if any, plus the dividend accumulations, less any indebtedness, will be used as a net single premium to purchase extended term insurance from the due date of the premium in default." Cash value was defined to be "the reserve, together with any dividend accumulations." The policy was entitled to participate in such dividends from gains and savings as might be determined by the Director of the Veterans' Bureau.

The last premium paid was a quarterly premium due on January 1, 1931. The insured died May 14, 1931. A dividend was declared on July 1, 1931, of $8.50 upon each $5,000 policy which had been in force throughout the year just ended as having been earned during that year; and it was agreed that the policy in suit, if it were entitled to share in three-fourths of such dividend, as claimed by the plaintiff, would have earned enough to extend the insurance from April 1 beyond the date of the insured's death.

■ A judgment was entered on plaintiff's motion to which the government failed to take an exception. Because of such failure, plaintiff moves to dismiss the appeal. As the case was tried by the court upon a written waiver of a jury, each party was in the attitude of insisting upon a judgment in his favor, and, without taking an exception, of raising the question whether the facts agreed upon were sufficient to support the judgment. This was so before the Act of March 3, 1865 (13 Stat. 500), now sections 649 and 700 of the Revised Statutes, as amended (28 USCA §§ 773, 875), and that act did not change or interfere with such a practice. Wayne County Supervisors v. Kennicott, 103 U. S. 554, 26 L. Ed. 486; United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 75 L. Ed. 551. The motion to dismiss the appeal is therefore denied.

■ The policy lapsed for nonpayment of premium due April 1, 1931. Its cash value was sufficient to extend the insurance for only 15 days "from the due date of the premium in default," and therefore was not enough to keep the policy in force until the death of the insured in May. The grace period, as its name implies, and as so often has been held, was merely additional time allowed within which to make payment of the premium already in default. It did not extend the insurance, and upon its expiration without payment of the premium in default, was as if it had never been. To extend the insurance 15 days beyond the grace period would be to set at naught clear provisions of the policy.

■ The District Judge gave judgment for the plaintiff on the theory that the policy was entitled to participate in the dividend declared July 1, 1931, three months after the default. His view was that the "dividend accumulations," in the connection in which those words were used in the policy, did not necessarily mean accumulated dividends, or the accumulation of dividends actually declared, but might equally well mean accumulations earned and accrued for dividends which had not been declared. Holding that at least the language used was ambiguous, and construing it against the insurer, he interpreted it to mean accumulations of gains and savings from which future dividends might be declared. In our opinion this construction should not be sustained. Dividends from gains and savings are such only as are determined by the Director of the Veterans' Bureau. Until he makes his decision, there are no dividends. The dividend accumulations spoken of in the policy are required to be used to purchase extended insurance immediately upon written request and surrender of the policy and before the expiration of the grace period. It is therefore necessary for the insurer to know at that time the amount of dividends available for the purpose of purchasing extended term insurance. This could not possibly be known until the end of the year, and so there would be no basis for calculating the extensions to which policies lapsing during the year would be entitled. At the end of the year there might be no gains and savings from which dividends could be declared; certainly it could not be determined in advance, at the end of each month or quarter or other period provided for the payment of premiums, what amount, or whether any amount, would be available for the payment of annual dividends. The only reasonable construction, as

it seems to us, is that "dividend accumulations," when taken in connection with other provisions of the policy, have the same meaning as accumulations of dividends. Mutual Life Ins. Co. v. Girard Life Ins., Annuity & Trust Co., 100 Pa. 172, 180; Wilkie v. Insurance Co., 146 N. C. 513, 522, 60 S. E. 427.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.