**LIBERIS v. NEE, Deputy Collector of Internal Revenue, et al.**

District Court, N. D. Florida.
March 13, 1935.

John M. Coe, of Pensacola, Fla., for plaintiff.

George Earl Hoffman, U. S. Atty., and James B. Watson, Asst. U. S. Atty., both of Pensacola, Fla., for defendants.

LONG, District Judge.

The bill of complaint alleges that on August 1, 1934, complainant procured from the collector of internal revenue for Florida a license from the United States to engage in the business of a retail liquor dealer in Escambia county, Fla.; that he paid the tax required by law in accordance with provisions of section 205, title 26, United States Code (26 USCA § 205); that the defendants now allege that the complainant has engaged in the business of a retail liquor dealer at a time forbidden by the laws of the state of Florida, and now proceeds to assess against complainant a further so-called tax and penalty in the sum of $1,145.84, and on December 26, 1934, delivered notice to complainant; that complainant did not pay the sum so assessed, and that on January 8, 1935, another notice was served on him by

the collector, whereby an additional sum of $57.29 added to the sum last stated is claimed; that complainant still did not make payment, and that on the 1st of February, 1935, warrant of distraint was delivered to a deputy collector who threatens and intends forthwith to seize the property of complainant and sell the same. The bill charges that section 206, title 26, United States Code (26 USCA § 206), does not confer upon defendants the powers which they seek to exercise; that defendants are undertaking to punish by fines and penalties for an alleged criminal offense without hearing, information, or trial by jury, contrary to the Federal Constitution embodied in the Seventh Amendment, and without due process of law, and without affording petitioner equal protection of the law, as required by the Fourteenth Amendment:

Because the tax provided for, if a tax, is an excise tax, and not uniform, being applicable to so-called dry territory; for a further reason, that it does not provide for a tax, but for a penalty. The bill then alleges by amendment that complainant is without funds to pay the assessment or penalties, and then engage in the necessary litigation to recover the same.

The prayer is for temporary injunction, and that upon final hearing the injunction be made permanent, said distress warrant and levy, and assessment of so-called tax penalties, and interest be declared void.

■■■■ Defendants have filed motion to dismiss the bill, chiefly upon the grounds: First. That the court is without jurisdiction in view of section 3224, Revised Statutes (section 154, title 26, U. S. C. [26 US CA § 154]), which provides that no suit for the purpose of restraining the assessment or collection of any taxes shall be maintained in any court. Second. Whether the so-called assessment is in fact a tax or a penalty.

If the assessment is a tax the bill could not be maintained because of the section last above referred to; but if the assessment is in fact a penalty, then the statute does not apply:

"The mere use of the word 'tax' in an act primarily designated to define and suppress crime is not enough to show that within the true intendment of the term a tax was laid. * * * When by its very nature the imposition is a penalty, it must be so regarded." Lipke v. Lederer, 259 U. S. 557, 561, 42 S. Ct. 549, 551, 66 L. Ed. 1061.

"A 'tax' is a pecuniary burden laid upon individuals or property for the purpose of supporting the government, while a 'penalty' is in the nature of a punishment and is collectible usually by fine or by suit, and yet the latter may be termed a duty or tax, and still be a penalty." Fontenot v. Accardo (C. C. A.) 278 F. 871.

In Helwig v. United States, 188 U. S. 605, 613, 23 S. Ct. 427, 430, 47 L. Ed. 614, it is said "Although the sum imposed by reason of undervaluation may be simply described as 'a further sum' or 'an additional duty,' if it is yet so enormously in excess of the greatest amount of regular duty ever imposed upon an article of the same nature, and it is imposed by reason of the action of the importer, such facts clearly show it is a penalty in its intrinsic nature, and the failure of the statute to designate it as a penalty, but describing it as 'a further sum,' or 'an additional duty,' will not work a statutory alteration of the nature of the imposition, and it will be regarded as a penalty when by its very nature it is a penalty."

In an opinion written by Judge Ervin, of the District Court for the Southern District of Alabama, in passing upon this identical question, the court says: "Here it is the action of the liquor dealer in doing business in a prohibited territory which is penalized, and the sum of the penalty is forty times the amount of the tax for engaging in the business. It thus appears that, if the imposition was intended as a punishment for an offense committed, it is a penalty. It seems to me then that, if the imposition was not to punish for an offense already committed, but to prevent an offense contemplated, it would be equally a penalty. That the assessment was levied, not for the purpose of producing revenue, but for the purpose of preventing people from taking out a license to do liquor business in a dry territory, in other words, to prevent people from taking out a license in violation of the laws of the state would make the act a penalty, for it makes no difference whether the violation would be under the federal or state law." Cleveland v. Davis (D. C.) 9 F. Supp. 337, 339.

■■■ Section 205, title 26, of the USCA, provides for a retail liquor dealers' tax of $25.

Section 206, of title 26, provides a special excise tax of $1,000 on the business of a retail liquor dealer doing business in a state, territory, or district of the United States, contrary to the laws of such state.

In this particular case complainant applied for and obtained a retail liquor dealer's license under section 205, USCA. Subsequently, under section 206, a special excise tax is figured against him in the sum of $916.67, he having been in business for eleven months, plus a 25 per cent. penalty, together with a 5 per cent. penalty for nonpayment within ten days after notice.

In the case of United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 280, 75 L. Ed. 551, which is very similar to the case at bar, in that it was an action to recover the tax assessed under section 206, of title 26, USCA, and involved four items—$37.50 retail liquor dealer's tax; $4.68 penalty for failure to file return; $1,500 special excise tax; and $500 penalty imposed by section 35 (National Prohibition Act, tit. 2 [27 USCA § 52])—the court says: "Of the four items involved, two unmistakably are penalties, and are so denominated. The other two, notwithstanding they are called taxes, are in their nature also penalties."

It is true that in the La Franca Case there was a double penalty as provided by Section 35 of the National Prohibition Act, tit. 2, 27 USCA § 52, but is the tax of $1,000 not equally penal when the retail liquor dealer's tax is multiplied in dry states many times because of the violation, not of any federal law, but violation of state law.

There can be no question but what the $25 tax provided for under section 205, title 26 USCA is a uniform tax provided for upon a legal business, and is a uniform tax wherever such business is engaged in, but I am unable to reach the conclusion that the so-called tax of $1,000 imposed upon the retail liquor dealer in those states only, in which the business is rendered illegal by the laws of the state, complies with the uniformity provision of the Constitution. If the tax of $1,000 was imposed upon retail liquor dealers throughout the union, there could be no question of its validity, but when it is imposed in one state and not in another, and the only distinction is that in one state the business is unlawful, and in the other lawful, the penal character of the imposition is apparent, and its designation by statute as a tax would make no difference.

It is hardly to be presumed that the Congress intended to tax the retail liquor dealer the sum of $25 for a permit, and authorize him to do business, and then provide a tax of $1,000 for engaging in the business in a state whose statutes prohibited the sale of liquors. The imposition can be nothing more or less than a penalty on any one who meant to violate the laws of the state.

The motion to dismiss the bill will be denied, and the preliminary injunction will issue.