## UNITED STATES v. COLUMBIA FRUIT PRODUCTS CO., Inc., et al.

### No. 17526.

District Court, E. D. Pennsylvania.

March 20, 1935.

Robert V. Bolger, Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa.

Frederick H. Spotts, of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

This is a suit at law by the United States against a former holder of a permit under the National Prohibition Act (title 2, § 6 [27 USCA § 16]), and the surety on the permit bond to collect what the government alleges to be taxes incurred by reason of illegal sales of wine. At the trial the plaintiff amended its statement of claim so that the items for which the suit is brought are:

Special tax as retail liquor dealer, under section 3244, R. S. as amended (26 USCA § 205), 4 months ending June 30, 1930.............. $ 8.34
Occupational tax as retail liquor dealer, in violation of state law of Pennsylvania, section 701, Revenue Act of 1926 (26 USCA § 206), 4 months ending June 30, 1930.............. 333.33

Total liability ........................... $341.67

At the close of the testimony, both sides presented general points, thus submitting all issues of law and fact to the court.

Columbia Fruit Products Company, Inc., one of the defendants, held permits to bottle and store wine and sell to persons authorized to buy for nonbeverage purposes. To obtain these, it executed a bond on February 20, 1928, with United States Fidelity & Guaranty Company, the other defendant, as surety, the condition of which was, inter alia, that the principal would "pay all taxes, assessments, and penalties, payable by the said principal under the National Prohibition Act, as amended and supplemented, and other Internal Revenue laws * * * which may be or become owing to the United States, on account of the manufacture, use, or disposition of any intoxicating liquors." On three occasions during March, 1930, while the permits and bond were in force, the permittee made illegal sales of wine by the quart. It follows that the permittee was a retail liquor dealer within the meaning of section 3244 of the Revised Statutes, section 701 of the Revenue Act of 1926, and section 35 of title 2 of the National Prohibition Act (27 USCA § 52).

On December 5, 1933, the Eighteenth Amendment was repealed by the ratification of the Twenty-First Amendment. Upon repeal, all penalties theretofore incurred under the Eighteenth Amendment and the legislation enacted by its authority became unenforceable and all liability for such penalties was extinguished. United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510.

The question presented here is whether the items for the recovery of which this suit is brought are penalties imposed by the National Prohibition Act.

Both items may be treated as having been originally imposed by legislation in force prior to the National Prohibition Act. United States v. La Franca, 282 U. S. 568, 572, 51 S. Ct. 278, 280, 75 L. Ed. 551. Section 35 of title 2 of the National Prohibition Act provided that upon evidence of an illegal sale a tax should be assessed and collected in double the amount theretofore provided by law.

It must be conceded that, had this suit been for an amount equal to double the taxes, no recovery could be had. In United States v. La Franca, supra, the Supreme Court flatly decided that this double liability was a penalty, notwithstanding it was called a tax.

The government, however, contends that, in spite of the doubling provision of section 35, the liability for the basic amounts imposed by the pre-existing Revenue Laws still remains a liability for a tax, and that, when the government elects (as it does in this suit) to waive the double liability feature and sue for the original amount, it is suing to collect a tax. In support of this contention is the decision in United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 156, 71 L. Ed. 279, 47 A. L. R. 1025, which was not overruled by the La Franca Case, but distinguished in the latter opinion as follows: "* * * The purpose in the first case [United States v. One Ford Coupé] was to enforce a simple tax, not one which had been, as here, converted, by a change of its nature, into a penalty. * * *"

In United States v. One Ford Coupé, the object of the government was, by the seizure of an automobile, to enforce the payment of the basic gallonage tax of $2.20 per gallon imposed by the Revenue Act of 1918 (40 Stat. 1057) upon both legal and illegal liquor. The additional amounts added in case of illegal distillation or diversion to illegal uses were not involved. The court said: "What was sought to be enforced and held to be a penalty in Lipke v. Lederer, 259 U. S. 557, 561, 42 S. Ct. 549, 66 L. Ed. 1061, was the so-called double tax. Here, we are dealing with the basic production tax. * * * The acts left in effect the basic tax of $2.20 per gallon, which was and is a true tax on the product, whether legally or illegally distilled, and added to it the additional amounts in case of illegal distillation or diversion to illegal uses. These additional amounts also are called taxes by Congress, and were understood by it to be such. Whether they were intrinsically penalties, and should be treated as such, we need not determine. The basic tax of $2.20 a gallon on liquor illegally produced is not imposed because of illegality, but despite of it. It is a tax within the meaning of section 3450 [26 USCA §§ 1181, 1182], and, being unpaid, makes that section applicable, even if the additional amounts imposed by the acts be deemed penalties." In view of this language, it would not seem difficult to answer the question upon which the decision of the case at bar depends, namely, What would have been the decision in United States v. La Franca had the government in that case (as here) sued, not for the doubled liability imposed by section 35 of title 2 of the National Prohibition Act, but for the taxes imposed by the Revenue Laws which were the basic amounts so doubled?

But the defendant argues that the answer is found in the part of the opinion in the La Franca Case where the court said: "Section 35 of the act (27 USCA § 52), in effect, amended the preceding statutes in the particulars stated; and, as thus amended, these statutes now are to be read, as to all subsequent occurrences, as if they had originally been in the amended form." If this language is to be construed as meaning that the only liability existing after the enactment of section 35 of title 2 of the National Prohibition Act was the double tax or penalty liability imposed by that section (the Revenue Acts being continued in force solely for the purpose of deter-mining the amount of the penalty), then it would also mean that the pertinent provisions of the Revenue Laws were repealed as independent taxing statutes. However, that they were not so intended to be repealed is plain beyond all question. Not only does section 35 itself provide that "this Act [chapter] shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor," but the Willis-Campbell Act, November 23, 1921 (section 5 [27 USCA § 3]), explicitly continued in force or re-enacted all laws in regard to the taxation of intoxicating liquor not in direct conflict with the Prohibition Law.

The precise point was before the court in United States v. One Ford Coupé. The only difference between that case and the present one is that the tax involved in the former was the gallonage tax, whereas here it is the retail liquor dealer's occupational tax. I can think of no difference in principle between the two. Both were doubled by section 35 of the National Prohibition Act. If, as was held in the Ford Coupé Case, the basic gallonage tax remained in force after the National Prohibition Act was passed and could be collected as such in its original character as a tax, in spite of the doubling feature of section 35, I think the conclusion is inescapable that the retail dealers' taxes remained in force also—as taxes, not as penalties.

When the Eighteenth Amendment was repealed, the National Prohibition Law of course fell with it, and section 35 ceased to be effective. But the liquor taxes of the Revenue Acts had been in force at all times as taxes, and they remained as such after repeal.

The conclusion of law follows that the items of liability which are the subject of this suit are not penalties but are true taxes. The facts being found as above, the plaintiff is entitled to a verdict, which may be entered in the amount claimed, with interest.

The general point submitted by the plaintiff that under all the law and evidence the verdict must be for the plaintiff is therefore affirmed. The defendant's general point is denied. I find a verdict for the plaintiff in the amount of $341.67, with interest as claimed in the statement of claim.

Judgment may be entered accordingly.