GAMON METER COMPANY, PROSECUTOR, v. THOMAS SIMS, RESPONDENT.

Submitted October 12, 1934—Decided April 4, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *Edwin Joseph O'Brien.*

For the respondent, *George A. Douglas.*

The opinion of the court was delivered by

HEHER, J. Asserting that he contracted, while in the employ of prosecutor, an occupational disease, through the infection of lead poison, respondent, Sims, claims compensation for the resultant disability under the provisions of the Workmen's Compensation act. *Pamph. L.* 1911, *p.* 134, as supplemented by chapter 124 of the laws of 1924 (*Pamph. L.* 1924, *p.* 230), and the amendment thereof. *Pamph. L.*

1931, *p*. 76. The evidence adduced by respondent at the hearing tended to show that he is so afflicted. When he rested his case, the referee, on prosecutor's motion, dismissed the petition upon the ground of non-compliance with the provisions of paragraph 22 (d) of the act. *Pamph. L.* 1924, *p.* 232. The referee's findings of fact were that the employer did not have, during the continuance of the employment, actual knowledge that Sims had contracted the mentioned disease, and that written notice thereof, the alternative, was not given within the time prescribed, *i. e.,* within a period of five months after the date when he ceased to be subject to exposure to the disease in question.

Sims appealed to the Essex Common Pleas. There the judgment was reversed, and the cause remanded to the compensation bureau for trial on the merits. There was a finding of fact in the former tribunal that the employer had actual knowledge, within the intendment of the statute, that Sims had contracted the disease in question—such information as would lead "reasonable men to conclude that the employe, during his employment, had lead poisoning." The jurisdiction of the pleas was questioned, but the challenge was overruled. The ground of challenge was that the statutory right of appeal to the court of common pleas is limited to cases in which the claimed compensable disability is the result of an "accident," as distinguished from an occupational disease. *Pamph. L.* 1932, *p.* 38. The employer sued out a writ of *certiorari* to review this judgment.

The claim that the proceeding in the pleas was *coram non judice* is devoid of merit. Disability consequent upon an occupational disease was not compensable under the original act of 1911, *supra.* The benefits of the act were confined to those who suffered disability resulting from an "accident," which, in its strict technical sense, excludes an occupational disease. *Bryant* v. *Fissell,* 84 *N. J. L.* 72; *Smith* v. *International High Speed Steel Co.,* 98 *Id.* 574; *Liondale Bleach Dye and Paint Works* v. *Riker,* 85 *Id.* 426. Under that statute, jurisdiction to determine the claim for compensation was vested in the judge of the Court of Common Pleas of

"such county as would have jurisdiction in a civil case."
*Pamph. L.* 1911, *p.* 141, § II, ¶ 18. By chapter 149 of the laws
of 1918 (*Pamph. L.* 1918, *p.* 429), the original jurisdiction
was committed to the workmen's compensation bureau,
created by the act. Paragraph 19 of that act provided for an
appeal to the Court of Common Pleas "of the county in which
[such] hearing was held." By the act of 1924, *supra,* in form
a supplement to the original act, certain enumerated occu-
pational diseases were, under prescribed conditions, declared
to be compensable. This act incorporated into section II of
the original act a paragraph, numbered 22 (f), providing
that "all provisions of section II and section III applicable to
claims for injury or death by accident shall apply to injury
or death by compensable occupational disease, except to the
extent that they are inconsistent with the provisions con-
tained in paragraphs 22 (a) to 22 (f), both inclusive." Thus
the provisions of the act conferring the right of appeal to the
Court of Common Pleas were made applicable to all proceed-
ings instituted to enforce the payment of compensation for
disability resulting from occupational disease.

In 1931, by an amendment to paragraph 19 of the supple-
ment of 1918 to the original act, *supra,* the legislature enacted
that a judgment of the compensation bureau "shall be review-
able by *certiorari* only." *Pamph. L.* 1931, *pp.* 708, 1217. The
following year, in an apparent endeavor to revive the pro-
vision for appeal to the Common Pleas in all such cases, the
legislature, again by an amendment to paragraph 19 of the
supplement of 1918, *supra,* provided for an appeal from a
judgment of the compensation bureau to the Court of Com-
mon Pleas "of the county in which such accident occurred
* * * ." *Pamph. L.* 1932, *p.* 38. This provision thereby
became a part of section III of the original act, and by force
of paragraph 22 (f), incorporated into the act by chapter
124 of the laws of 1924, *supra,* became applicable to all judg-
ments rendered in the bureau for compensation for disability
claimed to have resulted from an occupational disease.

It is the general rule that an amended statute is construed,
as regards any action had after the amendment was made,

as if the statute had been originally enacted in the amended form. "The effect of an amendment of a section of the law, is, not to sever it from its relation to other sections of the law, but to give it operation in its new form as if it had been so drawn originally, treating the whole act as an harmonious entirety, with its several sections and parts mutually acting upon each other." *Farrell* v. *State,* 54 *N. J. L.* 421, 424; *Lewis' Sutherland Statutory Construction* (2d ed.), § 237. Amended statutes are to be read, as to all subsequent occurrences, as if they had originally been in the amended form. *United States* v. *La Franca,* 282 *U. S.* 568; 51 *S. Ct.* 278; 75 *L. Ed.* 551. Hence, a statute making a second amendment of the original act need not make reference to the first amending act. 25 *R. C. L.* 907.

Moreover, the proceedings and judgment in the compensation bureau were returned pursuant to the express mandate of the writ; and this court may, therefore, do with respect to that judgment "what of right and according to law ought to be done."

And we are in entire accord with the view that the evidence presented reasonably tends to establish the requisite knowledge, on the part of the employer, of the disease so contracted by Sims. He had been employed by prosecutor, as a metal caster, for a period of fifteen years; and in the performance of his duties he was required to handle lead, and thus was constantly exposed to the risk of poisoning common to that trade. Eventually, he manifested the unmistakable symptoms of chronic lead poisoning, viz., constipation, abdominal pain, loss of appetite and of physical strength, cold extremities, dizziness, spots before the eyes, precordial epigastric distresses, loss of weight, shortness of breath, and general weakness, particularly of the hands and arms. From the latter part of the year 1930, these attacks recurred with increasing frequency. Many of them were witnessed by his superiors, who administered doses of warm Jamaica ginger, apparently kept by the employer upon its premises for the purpose of treating employes so afflicted. Sims informed his superiors of the symptoms not readily discernible by them;

and it is evident that to their practiced eyes these symptoms conveyed the knowledge contemplated by the statute. At times the attacks were so severe that Sims was required to quit work. On January 18th, 1933, due to the ravages of this progressive disease, he was unable to serve his employers in a satisfactory manner, and was "laid off." "First-hand personal knowledge" is not required. The statute is satisfied if the employer is in possession of what is called "knowledge in common parlance, such knowledge as most of us are confined to in the daily affairs of life." *Hercules Powder Co.* v. *Nieratko,* 113 *N. J. L.* 195; 173 *Atl. Rep.* 606; *affirmed,* 114 *N. J. L.* 254; 176 *Atl. Rep.* 198; *Allen* v. *City of Millville,* 87 *N. J. L.* 356; 95 *Atl. Rep.* 130; *affirmed,* 88 *N. J. L.* 693; 96 *Atl. Rep.* 1101; *Farrell* v. *Ferry Hat Co.,* 10 *N. J. Mis. R.* 319; 159 *Atl. Rep.* 153. In the last cited case, this court held that evidence of the observance by the foreman of "spells of shaking" suffered by the employe while at work, and "that these spells became worse as time went on," was "sufficient to satisfy the terms of the statute" in question. It results that the Court of Common Pleas correctly disposed of the questions raised.

Judgment affirmed, with costs.