**UNITED STATES of America, Plaintiff,**

v.

**The CITY OF HUNTINGTON, WEST VIRGINIA, Defendant.**

Civ. A. No. 3:92–0294, 3:91–0463.

United States District Court,
S.D. West Virginia,
Huntington Division.

July 7, 1992.

Steven Horn, Asst. U.S. Atty., Charleston, W.Va., David Blair, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Frederick G. Staker, III, Huntington, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are cross motions for summary judgment. Since the Court concludes that the fire and flood protection fee charged by the City of Huntington is a user fee rather than a tax, the Court essentially GRANTS the motion of the City of Huntington and substantially DENIES the motion of the United States of America.

The City of Huntington seeks to collect municipal fire and flood protection charges from the United States Postal Service (Postal Service) and the United States General Services Administration (GSA). Pursuant to statutory authority, the City of Huntington's ordinance establishes a fire and flood protection fee payable by property owners at the rate of 3¾ cents ($0.0375) per square foot. Failure to pay the fee results in civil and criminal penalties.

The Postal Service and GSA each own two properties in Huntington. These buildings have been assessed fire and flood protection charges since 1985. The Postal Service has refused to pay the charges while GSA has paid its assessment each year.

The United States filed the present complaint seeking an injunction prohibiting Huntington from assessing, imposing, levying or collecting municipal service taxes from the Postal Service and GSA. The United States seeks a declaratory judgment that it is not liable for the assessed fees. Huntington in its counterclaim seeks the recovery of fees and penalties from the Postal Service and GSA.

States are without authority to tax the United States. *McCulloch v. Maryland,* 17 U.S. (4 Wheat) 316, 436, 4 L.Ed. 579 (1819); *Mayo v. U.S.,* 319 U.S. 441, 447–48, 63 S.Ct. 1137, 1140–41, 87 L.Ed. 1504 (1943); *Kern–Limerick, Inc. v. Scurlock,* 347 U.S. 110, 122, 74 S.Ct. 403, 98 L.Ed. 546 (1954); *U.S. v. City of Spokane,* 918 F.2d 84, 87 (9th Cir.1990); *U.S. v. City of Adair,* 539 F.2d 1185, 1189 (8th Cir.1976) Municipalities acting pursuant to state authority are likewise without authority to tax the United States. Since the Postal Service and GSA are instrumentalities of the United States, Huntington is precluded from imposing a direct tax on these entities.

A "tax" is an enforced contribution to provide for the support of government. *U.S. v. Tax Comm'n. of Miss.,* 421 U.S. 599, 606, 95 S.Ct. 1872, 1877, 44 L.Ed.2d 404 (1975) (citing *U.S. v. LaFranca,* 282 U.S. 568, 572, 51 S.Ct. 278, 280, 75 L.Ed. 551 (1931)). Although the United States enjoys immunity from local taxation it must pay reasonable user fees.

The United States urges the Court to apply three separate tests to determine whether the charges imposed by Huntington are taxes or fees. The first analysis requires the Court to look at all the facts and circumstances and assess them on the basis of the economic realities in order to determine the essential nature of the exaction. *U.S. v. Columbia,* 914 F.2d 151, 154 (8th Cir.1990). Under this test, the Court is persuaded that the fire and flood charges are fees rather than taxes. Although the exaction was enacted pursuant to a section of the West Virginia Code dealing with the state's taxing power, the fire and flood fees bear a reasonable relationship to the consuming public. Those who own buildings are the users of the fire and flood protection services. Although the ordinance is not perfect in assessing all those who use the service, for example, automo-

bile owners, the fees are a reasonable attempt to charge those who use the service. Moreover, the economic realities in this case indicate that the funds received from the fire service collections amount to only one-half of the Huntington Fire Department's annual budget. With the total cost of fire and flood protection exceeding the revenue produced by the fees, it cannot be said that the fee is a tax.

■ The second analysis focuses on whether the exaction is enforced contribution to provide for the support of the Government. *U.S. v. Maryland,* 471 F.Supp. 1030, 1036 (D.Md.1979) (citing *U.S. v. LaFranca,* 282 U.S. 568, 572, 51 S.Ct. 278, 280, 75 L.Ed. 551 (1931)). Again, applying this test the Court concludes that the charges are fees rather than taxes. The fire and flood protection service fees generate revenue that is inadequate to meet the needs of the services provided. Even though upon receipt of the fire and flood protection service fees the City of Huntington places those funds in the general revenue account, it can hardly be said that the funds are for the support of the local government. The fees are simply assessed against property owners to recoup funds expended for fire and flood protection.

■ The final analysis urged by the Government renders the same result. The third analysis is a three-prong test as follows: (1) Is the charge imposed in a non-discriminatory manner? (2) Is the charge a fair approximation of the benefits received? (3) Is the charge structured to produce revenues that will not exceed the total costs to the Government of the benefits to be supplied? *U.S. v. Maine,* 524 F.Supp. 1056, 1059 (D.Me.1981) (citing *Massachusetts v. U.S.,* 435 U.S. 444, 464–67, 98 S.Ct. 1153, 1165–67, 55 L.Ed.2d 403 (1978)). The United States argues that Huntington's fire and flood protection charges are invalid under the first prong since Huntington exempts its own buildings from the fire and flood service fees. This argument is wholly without merit. The fact that Huntington exempts its own buildings in order to reduce administrative costs to itself is not indicative of a discriminatory application of the user fees. The property owners in the City of Huntington each pay the same amount per square foot for the service fee. This across-the-board flat fee is non-discriminatory in nature. By exempting its own buildings, the City of Huntington simply reaps the benefit of avoiding the bookkeeping work involved in charging itself. This is not a discriminatory application of the ordinance.

Applying the second and third prongs, the fire and flood service fees cannot be classified as a tax. The Postal Service and GSA enjoy the benefits of having Huntington's fire department readily available in case of fire. Unquestionably, if one of the governmental buildings at issue caught fire, the United States would expect the Huntington Fire Department to respond and extinguish the fire. To reap the benefits of the fire service, the Postal Service and GSA, like other building owners in Huntington, must pay the fire fee to have the service readily available. The same is true with flood protection service. This, coupled with the fact that the service fees are inadequate to cover the cost of the services indicates that the fire and flood protection charges are fees rather than taxes.

■ The Court concludes that the Postal Service and GAS must pay the fire and flood service fees to the City of Huntington. The attempt by Huntington to collect penalties or interest on the unpaid fees is another matter. The United States is immune from any exaction that seeks to punish the United States without express congressional authorization. See *Missouri Pac. RR. Co. v. Ault,* 256 U.S. 554, 563–65, 41 S.Ct. 593, 597, 65 L.Ed. 1087 (1921); *Smith v. Russellville Prod. Credit Assoc.,* 777 F.2d 1544, 1549 (11th Cir.1985). There is no congressional authorization to permit Huntington to charge a penalty on the unpaid fire and flood service fees. Accordingly, the City of Huntington is without authority to assess penalties on the unpaid fire and flood service fees.