Dear Janet S. Owens
You have requested our opinion concerning the "system of charges" that a local government is authorized to impose for stormwater management programs under the Annotated Code of Maryland, Environment Article ("EN"), § 4-204(d). Specifically, you ask: (1) whether the authorized charges are in the nature of a regulatory fee or a tax; (2) if the authorized charges are in the nature of a tax, whether the tax would be an ad valorem
property tax or an excise tax; and (3) if the authorized charges are an excise tax, whether that tax may be assessed other than on submission of a stormwater management plan.
Consistent with our policy governing opinion requests from local governments, you included with your request a well-researched opinion from the Anne Arundel County Office of Law. Memorandum from David A. Plymyer, Deputy County Attorney, to Honorable Janet S. Owens (November 22, 2005). That opinion concluded that the statutory reference to a "system of charges" authorizes imposition of an excise tax rather than a regulatory fee or ad valorem property tax. However, the opinion cautioned that the statute is ambiguous as to how such a tax might be imposed and advised you to seek further guidance from our Office.
For the reasons explained below, it is our opinion that EN § 4-204(d) allows the governing body of a county or of a municipal corporation to impose charges in the form of either a regulatory fee or a tax, or a combination of fee and tax, for the purposes set forth in the statute. The appropriate characterization of the charge will depend on the terms of local legislation implementing the charges. To the extent that a charge imposed is an excise tax, it need not be limited to charges collected upon the filing of a stormwater management plan.
 I Stormwater Management Law
In enacting the stormwater management statute, the General Assembly found that stormwater management was necessary "to reduce stream channel erosion, pollution, siltation and sedimentation, and local flooding" in order to protect the State's water and land resources. See EN § 4-201. The law was intended "to reduce as nearly as possible" the adverse effects of stormwater runoff. Id. The law required each county and municipality to adopt, by July 1, 1984, an ordinance to implement a stormwater management program. EN § 4-202.[1] A local government's program must be reviewed by the Department of Environment at least once every three years in accordance with Department regulations. EN § 4-206; COMAR 26.17.02.03C. The Department is charged with adopting regulations concerning stormwater management which must address, among other things, minimum factors that local ordinances or regulations must include and minimum inspection and maintenance practices. EN § 4-203.
The law generally prohibits the development of land for residential, commercial, industrial, or institutional use unless the developer first submits a stormwater management plan to the appropriate jurisdiction. EN § 4-204(a). The statute makes building and grading permits contingent on approval of the plan by the jurisdiction or the local soil conservation district. EN § 4-204(a) and (c); see also COMAR 26.17.02.05.
Your inquiry concerns a part of the statute that authorizes a local government to assess "charges" to fund its stormwater management program. That provision states:
 (1) Each governing body of a county or municipality may adopt a system of charges to fund the implementation of stormwater management programs, including the following:
 (i) Review ing stormwater management plans;
 (ii) Inspection and enforcement activities;
 (iii) Watershed planning;
 (iv) Planning, design, land acquisition, and construction of stormwater management systems and structures;
 (v) Retrofitting developed areas for pollution control;
 (vi) Water quality monitoring and water quality programs;
 (vii) Operation and maintenance of facilities; and
 (viii) Program development of these activities.
 (2) The charges shall take effect upon enactment by the local governing body.
 (3) The charges may be collected in the same manner as county and municipal property taxes, have the same priority, and bear the same interest and penalties.
EN § 4-204(d). Stormwater management plans for construction activities by the State or federal government are administered through the Department of Environment and the provisions of EN § 4-204 do not apply. EN § 4-205. Remaining provisions of the statute deal primarily with the enforcement activities by the Department of Environment as well as civil and criminal penalties for violations. EN §§ 4-208 through 4-215.
 II Analysis
A. Whether the Statute Authorizes a Fee or a Tax
A local government may not impose any type of charge, regardless of whether it is designated a tax or a fee, without the authorization of the General Assembly. Maryland Declaration of Rights, Article 14. In EN § 4-204(d), the General Assembly has authorized a "system of charges" in connection with stormwater management programs. You first ask whether such a system of charges is a regulatory fee or a tax.
1. Distinguishing Between Regulatory Fees and Taxes
To evaluate whether a governmental charge is a tax or a regulatory fee, one must look to the purpose of the enactment, rather than simply the label given to that charge.[2]Eastern Diversified Properties, Inc. v. Montgomery County,319 Md. 45, 53, 570 A.2d 850 (1990).
A standard definition of a tax is an "enforced contribution to provide for the support of government." United States v. StateTax Comm'n of Mississippi, 421 U.S. 599, 606 (1975), citingUnited States v. La Franca, 282 U.S. 568, 572 (1931). In the case of a tax, "[i]t is no proper objection . . . that the benefits paid and those to whom they are paid are unrelated to the persons taxed and the amount they pay, or that those who have to pay may not have contributed to the conditions requiring the tax and may not be benefitted by the expenditure of the tax money." Allied Am. Mut. Fire Ins. Co. v. Comm'r of MotorVehicles, 219 Md. 607, 616, 150 A.2d 421 (1959). While a tax might include some aspects of regulation, its primary purpose is raising revenue. Eastern Diversified Properties, 319 Md. at 53,citing Maryland Theatrical Corp. v. Brennan, 180 Md. 377,381-82, 24 A.2d 911 (1942). In Eastern Diversified Properties,
the Court of Appeals concluded that a "development impact fee" constituted a tax because it was enacted predominantly for revenue purposes, involved an involuntary payment of money (albeit as a condition precedent to obtaining a building permit), and generated funds to finance road construction, thereby benefitting the general public. 319 Md. at 55.
A regulatory measure generally requires compliance with certain conditions beyond mere payment of a prescribed sum. Mayor andCity Council of Ocean City v. Purnell-Jarvis, 86 Md. App. 390,405, 586 A.2d 816 (1991), citing County Comm'rs of Anne ArundelCounty v. English, 182 Md. 514, 520. The amount of revenue generated by a regulatory fee must be "reasonable" and bear "some definite relation to the purpose of the regulation."[3]Purnell-Jarvis, 86 Md. App. at 405, citing Maryland TheatricalCorp. v. Brennan, 180 Md. 377, 381, 24 A.2d 911 (1942). InEastern Diversified Properties, the Court looked to the absence of a nexus between the charges and the stated regulatory purpose, as well as the fact that revenues would benefit a wide area, to conclude that the impact fee was not a regulatory fee.319 Md. at 55; see also 89 Opinions of the Attorney General 212 (2004) (in order for an impact fee to be a regulatory fee, "there must be an adequate nexus between the charge imposed and the cost of the services to the property assessed, and the revenue must be appropriately earmarked so as to substantially benefit that property").
2. Scope of EN § 4-204(d)
Whether the authority granted under EN § 4-204(d) is in the nature of a regulatory fee or tax is a question of statutory interpretation. In interpreting a statute, the cardinal rule is to "ascertain and effectuate legislative intent." Walton v.Mariner Health of Maryland, Inc., 391 Md. 643, 664, 894 A.2d 584
(2006). To be sure, when statutory language is clear and unambiguous, and consistent with the statute's objectives, the words will be accorded their ordinary meaning. Id., However, it is appropriate to look beyond the plain text of the statute, including its relationship to prior legislation, when it fairly bears on the fundamental issue of the Legislature's intent.Kaczorowski v. City of Baltimore, 309 Md. 505, 514-15,525 A.2d 628 (1987).
a. Statutory Text
In authorizing local governments to create a funding source for stormwater management programs, the statute uses a broad term — "system of charges" — which is not necessarily associated with either fees or taxes. The statute states that these charges may be collected and otherwise treated "in the same manner as county and municipal property taxes." EN § 4-204(d)(3). If the charges were necessarily property taxes, there would be no need to state that they may be treated "in the same manner" as property taxes. Thus, the statutory text indicates that the Legislature contemplated that the charges could take the form of something other than a property tax. However, the language itself is ambiguous as to what other forms the assessment may take. The intent behind EN § 4-204(d) is best understood by reviewing its legislative history.
b. 1982 Legislation
The predecessor of EN § 4-204 was initially enacted by Chapter 682, Laws of Maryland 1982, codified as § 8-11A-04 of the Natural Resources Article.[4] Among other things, that section required that a stormwater management plan be submitted and approved before a building or grading permit could be issued. As introduced, the bill addressed the authority of a county or municipality to impose a fee:
 Each county or municipality may adopt a fee system to cover the costs of reviewing stormwater management plans. The fee shall take effect upon enactment by the local governing body. Any fees collected under this system shall be supplementary to county and State funds and may not:
 (1) Be used to reduce county or State funds; and;
 (2) Exceed the cost of reviewing the plans.
House Bill 1091, first reader version (1982). Thus, as originally introduced, the bill would have authorized a regulatory fee to allow local governments to recapture the actual costs of reviewing stormwater management plans.
However, the bill was amended significantly in the House Environmental Matters Committee. The amendment expanded the language authorizing the imposition of fees in order to allow local governments to recover the costs of "implementing stormwater management programs" as well as the cost of reviewing plans. See Environmental Matters Committee Amendment No. 3, 1982 Maryland House Journal at 2130. In addition, the amendment eliminated the provision that prohibited the fees from exceeding the cost of reviewing stormwater management plans or from being used in substitution of county or State funds. Id.[5]
Thus, as enacted in 1982, the statute provided local governments with enabling authority to impose fees to offset program costs. In exercising that authority, a local government had several options. It could impose a fee calculated to offset only the costs of reviewing a plan — a fee that would fit the classic notion of a regulatory fee. Alternatively, it could impose fees at a level to recover the total costs of its stormwater management program, including funding for projects unrelated to the development of a particular property on which a fee was imposed — a fee more likely to be characterized as a tax. Or it could choose to impose no fee at all. Whether a charge imposed by a particular government was a fee or a tax would require an evaluation of the local ordinance.
A 1991 advice letter of this Office interpreting the statute similarly concluded that EN § 4-204(d) authorized a local government to enact fees that would be considered taxes, such as a stormwater utility fee, in addition to regulatory fees. However, the letter recommended that the statute be clarified to eliminate any doubt on that question. Letter from Assistant Attorney General Kathryn M. Rowe to William Miles, Department of Fiscal Services (October 3, 1991).
c. 1992 Legislation
During the 1992 session of the Legislature, the Department of Environment proposed legislation that amended EN § 4-204(d) to its current form. Chapter 135, Laws of Maryland 1992. Those amendments substituted the phrase "system of charges" for a "fee system," listed a wide range of activities that could be supported by the revenues generated by the charges, and added the authority to collect the charges "in the same manner" as local property taxes. The fiscal note described the 1992 bill as "clarif[ying] the authority of each county or municipality to adopt a system of charges to fund the implementation of stormwater management programs by specifying the activities that may be funded by a local government fee system [and providing that] the charges may be collected in the same manner as county and municipal property taxes." Fiscal Note on House Bill 252 (1992).
At the time the 1992 legislation was being considered, local governments had to cope with both new costs and the loss of a revenue source for stormwater management. In amending the Clean Water Act in 1987, Congress phased in National Pollutant Discharge Elimination System permit requirements for municipal stormwater discharges over a several-year period, based on the population served. See 33 U.S.C. § 1342(p). At the same time, the State's fiscal difficulties during the early 1990s resulted in the elimination of State grant money that had previously been available for stormwater management programs. See Fiscal Note on House Bill 252 (1992).
Whether the 1992 amendments are viewed as an expansion of permissible charges or simply as "clarifying" legislation, the basic structure of the statute remained unchanged. It provided enabling authority under which a local government could impose charges in connection with mandated stormwater management programs. While revenue collected under that authority would be dedicated to the local government's stormwater management program, the statute provided sufficient authority for the local government to enact either a regulatory fee or a dedicated tax.[6]
B. Whether a Charge is a Property Tax or Excise Tax
You asked whether a tax imposed under EN § 4-204(d) would be anad valorem property tax or an excise tax. A property tax is a charge on the ownership of property, without regard to the use made of the property. Weaver v. Prince George's County,281 Md. 349, 357, 379 A.2d 399 (1977). It is based on the assessed valuation of the property. Waters Landing Ltd. P'ship v.Montgomery County, 337 Md. 15, 26, 650 A.2d 712 (1994). A property tax generally is subject to the uniformity clause under Article 15 of the Declaration of Rights. Thus, within a given class of property, each taxpayer's property is to be assessed at the same proportion of market value and the same rate should be applied by the taxing authority. 62 Opinions of the AttorneyGeneral 54, 56 (1977).
An excise tax is a tax imposed upon the performance of an act, the engaging in an occupation, or the enjoyment of a privilege.Waters Landing, 337 Md. at 26. In recent years, courts have employed an expanded definition of the term to embrace any tax that is not a direct burden on property. Weaver v. PrinceGeorge's County, 281 Md. at 357-58. An excise tax is not subject to the uniformity requirements of Article 15 of the Declaration of Rights.Id. at 365.
Traditionally, courts have applied a three-factor test to distinguish an excise tax from a property tax. First, the label attached by the appropriate legislative body, while not determinative, is entitled to "considerable weight." WatersLanding, 337 Md. at 25. A second factor is the "actual operation and practical effect" of the tax. Id. In terms of accessing the use of property, "[t]he privilege of using property is only one of the many incidents which make up the bundle of rights, powers, privileges and immunities, collectively regarded a property or ownership. . . . [A] tax imposed upon a particular use of property . . . is an excise." Weaver, 281 Md. at 359 (internal citations omitted). Thus, a tax based on some value related to the use of property, rather than on ownership alone, is an excise tax. See also 74 Opinions of the Attorney General 268, 271 (1989). Finally, the method used to impose the tax, that is, fixing the amount, is considered. Waters Landing,337 Md. at 26. An excise tax is imposed without regard to the assessed valuation of property. Id.
As the County Office of Law correctly points out, the delegation of the State's taxing authority to local governments is to be strictly construed. Controller, Anne Arundel County v.Pleasure Cove Yacht Club, Inc., 334 Md. 450, 464, 639 A.2d 685
(1994). The language of EN § 4-204(d) indicates that a charge authorized by that statute may be distinct from a property tax in that it authorizes collection "in the same manner as . . . property taxes" may be collected. EN § 4-204(d)(3). In our view, the statute authorizes the County to impose an excise tax, reflecting the use of property, to fund ongoing stormwater management efforts.
If the County chooses to impose a tax under EN § 4-204(d), it may prefer to structure the tax as an excise tax rather than anad valorem property tax. Otherwise, there may be little to distinguish the stormwater management charge from the general property tax. Furthermore, a property tax would need to be implemented in accordance with Article 15 of the Declaration of Rights.[7]
C. Timing of Assessments
Finally, we turn to the question of whether charges might be imposed under EN § 4-204(d) at a time other than the submission of a stormwater management plan.
The statute certainly authorizes imposition of a charge as a condition precedent to issuance of a grading or building permit. However, nothing in the text of the statute limits a local government's authority to a one-time fee. This construction is also supported by the statutory direction that "charges may be collected in the same manner as county and municipal property taxes, have the same priority, and bear the same interest and penalties." EN § 4-204(d)(3). If charges were to be limited to a one-time payment, required as a condition precedent for issuance of a building or grading permit, this language would be rendered superfluous since nonpayment would have foreclosed issuance of a permit. To construe the statute as limited to authorizing a one-time charge, i.e., at the time a stormwater management plan is submitted, would violate an oft-repeated rule of statutory construction, that is, a statute is to be construed so that "no word, phrase, clause or sentence is rendered surplusage or meaningless." Design Kitchen and Baths v. Lagos, 388 Md. 718,728, 882 A.2d 817 (2005). In our view, EN § 4-204(d) grants local governments significant flexibility in designing stormwater management charges, provided that the revenue is dedicated to a purpose consistent with the statute.[8]
The legislative history supports this conclusion. As outlined above, the original version of 1982 bill clearly contemplated a one-time regulatory fee, offsetting the cost of reviewing a stormwater management plan. House Bill 1091 (1982) (first reader version). Unless the charge was paid, a plan would not be reviewed, permits would not be issued, and development could not proceed. However, as noted above, in the course of enacting the legislation, the Legislature expanded local authority to impose charges; no longer was this authority necessarily limited to a one-time fee. In 1992, the "clarifying" legislation added the language in EN § 4-204(d)(3), quoted above, that provides for the collection of charges in the same manner as local taxes.
 III Conclusion
In our opinion, EN § 4-204(d) allows the governing body of a county or of a municipal corporation to impose charges in the form of either a regulatory fee or a tax, or a combination of fee and tax, for the purposes set forth in the statute. The appropriate characterization of the charge will depend on the terms of local legislation implementing the charges. To the extent that the charge imposed is an excise tax, it need not be limited to charges collected upon the filing of a stormwater management plan.
 J. Joseph Curran, Jr. Attorney General
 William R. Varga Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] A municipality may rely on a county's stormwater management program in certain circumstances as an alternative to creating its own program. See COMAR 26.17.02.04.A.
[2] A third category of charges are user fees or services charges, which are neither regulatory fees nor taxes, but rather charges based on a commodity or service consumed, such as charges for water or sewer service. See West Capital Assoc. Ltd. P'shipv. City of Annapolis, 110 Md. App. 443, 450, 677 A.2d 655
(1996); see also 91 Opinions of the Attorney General 14, 17-18 (2006). Stormwater management charges might be based on "use" in terms of the demand a particular property makes on a stormwater system by relating the amount of the charge to factors such as the amount of impervious surface on the property. However, under typical stormwater management practices, such a formula is unlikely to be a sufficient measure of the service provided to the property to be a user fee in the same sense as a water or sewer charge.
[3] While a regulatory fee is subject to review as to its reasonableness, the amount of a tax is not subject to judicial review. Purnell-Jarvis, 86 Md. App. at 405.
[4] When the stormwater management legislation was initially enacted in 1982, the Department of Natural Resources was charged with its administration. See Chapter 682, Laws of Maryland 1982. However, effective July 1, 1987, as part of a State government reorganization, responsibility was transferred to the Department of Environment. Chapter 306, § 3, Laws of Maryland 1987. The law was transferred from the Natural Resources Article to its current codification.
[5] Additional amendments were adopted by both the House of Delegates and the Senate, but the language relating to the imposition of fees was not otherwise altered. See
1982 Maryland House Journal at 2130 and 1982 Maryland Senate Journal at 3595-96.
[6] During the 1992 legislative session, Montgomery County proposed an amendment of the statute making clear that charges under EN § 4-204(d) would be in the nature of a tax. See, e.g.,
testimony of Edward U. Graham, Director, Montgomery County Department of Environmental Protection before the before the House Environmental Matters Committee (January 28, 1992). This suggestion was not adopted. Although one might interpret the failure to adopt the suggested amendment as evidence that the Legislature did not intend to authorize a tax, an equally plausible explanation is that it was felt that the existing language gave local governments discretion to devise a charge as either a regulatory fee or a tax. In any event, the risk of reading too much into rejected amendments is why the Court of Appeals has suggested that the failure to enact a particular legislative proposal is a "rather weak reed upon which to lean in ascertaining legislative intent." Auto. Trade Ass'n v. Ins.Comm'r, 292 Md. 15, 24, 437 A.2d 199 (1981).
[7] As the County's Office of Law pointed out, a property tax would also raise issues under the County's local laws.
[8] For example, a local government could create a stormwater utility and impose periodic charges based on factors such as the use of property and degree of impervious area to fund ongoing stormwater management efforts throughout the jurisdiction. See,e.g., Brisman, Considerations in Establishing a StormwaterUtility, 26 S. Ill. U.L.J. 505 (2002). Of course, this approach would almost certainly be considered a tax rather than a regulatory fee. *Page 164