FEBRUARY 13, 1946

**No. 50894.**— Protest 105661–K of Sawelson Wholesale Co. C. D. 973. Plaintiff's application for rehearing denied, as follows:

EKWALL, Judge: This is a motion for rehearing filed on behalf of the plaintiff from our decision reported as 15 Cust. Ct. 202, C. D. 973, wherein it was held in effect that rum, the product of Cuba, exported from that country subsequent to the effective date of the supplemental Cuban Trade Agreement (54 Stat. 1997) was subject, upon its importation into this country, to an internal revenue tax at $3 per proof gallon under the provisions of section 600 (a) (4), Revenue Act of 1918 (40 Stat. 1057), as amended by title II, section 213, Revenue Act of 1940 (54 Stat. 516 at 524), rather than at the rate in effect at the time of the effective date of the Haitian Trade Agreement (49 Stat. 3737).

The ground for the motion as stated in plaintiff's memorandum is that the court failed to pass upon one of the issues presented, viz, that no conflict was created by the statute of 1938 and the Haitian Trade Agreement, and that as said issue was not presented to the court in *United States* v. *Rathjen Brothers*, 31 C. C. P. A. (Customs) 70, C. A. D. 250, that case was not *stare decisis* of the issues in the in-

stant case. The argument on this phase of the case was fully and ably presented in the brief of counsel for the plaintiff and was considered and weighed by this court. However, it was conceded on behalf of the plaintiff that an amended act is usually construed, insofar as subsequent occurrences are concerned, as if it had been originally enacted in the amended form. It was so held in *United States* v. *La Franca*, 282 U. S. 568, at 571/2; *Blair* v. *City of Chicago*, 201 U. S. 400 at 475; *Pennsylvania Co.* y. *United States*, 236 U. S. 351, 362. Plaintiff's contention as set forth in the brief, was that the holdings of the cases cited had no application here when by an intervening act or event rights have been created which would be violated if the amendment were considered as an enactment of the original statute upon the date of amendment. It is the opinion of the court and we so hold that any rights that plaintiff may have had were such as were acquired subsequent to the Revenue Act of 1938 when this merchandise was withdrawn from warehouse, for not until then did any right of action accrue. Certainly plaintiff had no right to the maintenance of an existing rate of duty. *Norwegian Nitrogen Products Co.* v. *United States*, 288 U. S. 294, 318; *United States* v. *George S. Bush & Co., Inc.*, 310 U. S. 371, 379.

The motion for rehearing is denied.