## UNITED STATES v. DONALDSON-SHULTZ CO.

(Circuit Court of Appeals, Fourth Circuit.   November 8, 1906.)

### No. 659.

**JUDGMENT—RES JUDICATA—ACQUITTAL IN CRIMINAL PROSECUTION AS BAR TO TO CIVIL SUIT.**

The acquittal of a defendant indicted under section 12 of Act March 3, 1899, 30 Stat. 1151 [U. S. Comp. St. 1901, pp. 3541, 3542], for creating an obstruction in a navigable stream, in violation of section 10 of said act, is not a bar to a subsequent suit in equity brought by the United States under the same section against the same defendant to compel the removal of such obstruction; the issues and measure of proof required in the two proceedings not being the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1078.]

Appeal from the Circuit Court of the United States for the Eastern District of Virginia, at Richmond.

For opinion below, see 142 Fed. 300.

L. L. Lewis, U. S. Atty.

H. I. Lewis and Isaac Diggs, for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge. An act making appropriations for the construction, repair, and preservation of certain public works on rivers and harbors and for other purposes. Approved March 3, 1899. 30 Stat. 1121.

Sections 10 and 12 of the said act (30 Stat. 1151 [U. S. Comp. St. 1901, pp. 3541, 3542]) are as follows:

"Sec. 10. That the creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States is hereby prohibited; and it shall not be lawful to build or commence the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside established harbor lines, or where no harbor lines have been established, except on plans recommended by the chief of engineers and authorized by the Secretary of War; and it shall not be lawful to excavate or fill, or in any manner to alter or modify the course, location, condition, or capacity of any port, roadstead. haven, harbor, canal, lake, harbor of refuge, or inclosure within the limits of any breakwater, or of the channel of any navigable water of the United States, unless the work has been recommended by the chief of engineers and authorized by the Secretary of War prior to beginning the same."

"Sec. 12. That every person and every corporation that shall violate any of the provisions of sections nine, ten and eleven of this act, or any rule or regulation made by the Secretary of War in pursuance of the provisions of the said section fourteen, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding twenty-five hundred dollars nor less than five hundred dollars, or by imprisonment (in the case of a natural person) not exceeding one year, or by both such punishments, in the discretion of the court. And further the removal of any structures or parts of structures erected in violation of the provisions of the said sections may be enforced by the injunction of any circuit court exercising jurisdiction in any district in which such structures may exist, and proper proceedings to this end may be instituted under the direction of the Attorney-General of the United States."

In January, 1905, the Donaldson-Shultz Company, the appellee in this case, was indicted in the District Court of the United States for the Eastern District of Virginia for violation of section 10 of this act; the charge in the indictment being, substantially, that the said company, being a corporation under the laws of the state of Virginia, had, on the 1st day of October, 1902, unlawfully built in Urbanna creek, a navigable water of the United States, at a point in the said creek where no harbor lines had been established, to wit, at Urbanna, in the said district, a certain wharf, a wooden structure, 175 feet long and 20 feet wide, and that the same was built by the Donaldson-Shultz Company on plans not recommended by the chief engineer of the United States army or authorized by the Secretary of War, etc. And, further, that the said company, on the said day, did unlawfully create an obstruction to the navigable capacity of said Urbanna creek, a navigable water of the United States, at Urbanna, in the said district, by building a large wooden structure, etc., extending from the left-hand shore out into the channel limits of the said creek a distance of 10 feet, thereby causing an obstruction to the navigation of said creek, such obstruction being created by the said company without any authority so to do by

the Congress of the United States, etc.   On the 16th of January, 1905, the said company was tried upon this indictment in the District Court of the United States for the Eastern District of Virginia, at Richmond, upon the plea of not guilty, and the jury, which was sworn and impaneled in the case, rendered a verdict of not guilty.   Whereupon, the said company was discharged.   Thereafter, on the 31st of March, 1905, the United States Attorney for the Eastern District of Virginia, by direction of the Attorney General of the United States, brought a bill of complaint in the Circuit Court of the United States for the said district against the Donaldson-Shultz Company, setting forth the same facts, in substance, as those constituting the averments in the indictment upon which the company had been tried and acquitted.   The bill further alleged that the said defendant corporation, although often requested so to do, had not removed the said wharf from the waters aforesaid, and particularly had not removed the same from the channel limits of the said creek, and that the existence of the said wharf was a serious and permanent obstruction to the navigation of the said Urbanna creek at the point aforesaid.   The prayer of the complainant was for writ of mandatory injunction, requiring and compelling the Donaldson-Shultz Company, its officers, agents, and employés to remove the said wharf and obstruction from the said Urbanna creek, or at least to the extent that the same constitutes an obstruction to the navigation in the said creek.   The company appeared in response to the service of the writ of subpœna, and on June 3, 1905, filed to the bill of complaint a plea of res judicata, as follows:

"In the Circuit Court of the United States for the Eastern District of Virginia.

"The United States of America v. The Donaldson-Schultz Company, a Corporation.   In Equity.

"And the said defendant comes and says that the said plaintiff heretofore, to wit, on the 5th day of January, 1904, in the District Court of the United States, for the Eastern District of Virginia, held at Alexandria, Virginia, impleaded the said defendant and indicted it, in a certain criminal indictment containing three counts for violating the very same statute and not performing and doing the very same things, and each and every of them in the plaintiff's bill in equity here mentioned, and filed in this Honorable Court, which said indictment is in the words and figures following, to wit."

Then follows in full the indictment upon which the defendant company was tried, which it is not necessary to reproduce here.   The Circuit Court held this plea sufficient and that the acquittal of the defendant upon the criminal indictment was a bar to the present civil action, and thereupon the bill of complaint was dismissed, and the United States, by its attorney, having duly excepted to this ruling of the court, brings the case here by appeal.

There are many instances in which a navigable stream or a public way may be obstructed, and yet there might be such an uncertainty about the testimony which was adduced in the trial of the criminal indictment that the person charged with the obstruction would be acquitted, and still, as a fact, the obstruction might exist.   The case of Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684, is cited and relied upon largely to sustain the decision of the Circuit

Court, but in our opinion that is not an analogous case at all. Coffey was indicted under section 3257 of the Revised Statutes [U. S. Comp. St. 1901, p. 2112], which provides that:

"Whenever a person engaged in carrying on the business of a distiller defrauds or attempts to defraud the United States of the tax on the spirits distilled by him, or of any part thereof, he shall forfeit the distillery and distilling apparatus used by him, and all distilled spirits found in the distillery and on the distillery premises, and shall be fined not less than five hundred dollars nor more than five thousand dollars and shall be imprisoned not less than six months nor more than three years."

Upon this indictment he was tried and acquitted. An information was also filed on behalf of the United States against the distillery and the distilling apparatus used by Coffey, and also against all the distilled spirits found in his distillery and on the distillery premises. The information was tried after Coffey had been acquitted in the trial upon the criminal indictment, and the Supreme Court very properly held that:

"Where an issue raised as to the existence of the act, or fact denounced, has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person, on the subsequent trial of a suit in rem by the United States, where as against him the existence of the same act or fact is the matter in issue as a cause for the forfeiture of the property prosecuted in such suit in rem."

The reason and soundness of this principle are readily seen, because in the issue between the United States and the person charged with the commission of the acts which are the basis of the forfeiture it is determined that the acts were not committed and the facts did not exist. Consequently there was no forfeiture, because the acts must have been committed and the facts must have existed at the time, in order to vest the title of the offending thing in the government as forfeited property. The forfeiture of Coffey's distillery and other property was a part of the punishment prescribed by the law for the criminal act which he was alleged to have committed. The jury having found that the criminal act alleged had not been committed, then, of course, it follows that the punishment could not be inflicted. And this line of reasoning is followed out substantially in Boyd, Claimant, v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746. This was a proceeding in rem against certain merchandise claimed to be forfeited to the United States because fraud had been committed against the government in its importation. The statute under which the proceeding was instituted provided, also, that the person offending should be punished by fine and imprisonment, in addition to the forfeiture of his goods. In that case Mr. Justice Bradley, in delivering the opinion of the court, says:

"These are the penalties affixed to the criminal acts; the forfeiture sought by this statute being one of them. If the indictment had been presented against the claimant, upon conviction the forfeiture of the goods could have been included in the judgment."

The facts in this case are the converse of the Coffey Case; for here it is held that a conviction of the criminal act carries with it the forfeiture of the goods, whilst in that case it is held that an acquittal of the person charged with the criminal act upon which the forfeiture is claim-

ed is a bar to the forfeiture; but there is no such question involved in the case before us.     There is no claim for the forfeiture of the property of this company, for we do not find anywhere in the statute making it a misdemeanor to obstruct a navigable water that the material used in the construction of the obstruction is forfeited to the United States. This is not made a part of the punishment as in the statutes passed upon in the Coffey Case and in the Boyd Case.     The purpose of the statute we are considering is not to take property from the owner, but to keep navigable waters free from impediments which would obstruct their free and convenient use for navigation.     If the mandatory injunction sought by this proceeding was issued, the result would simply be to require the appellee to remove the obstruction—to take his property away.     It is argued by the appellee that because the United States proceeded first by indictment, and upon the trial there was verdict of acquittal, that conditions must remain in statu quo, and that the government has no further right to proceed in a civil action to remove an obstruction to a navigable stream which it is alleged still exists.     If this be the law, then the right of the government to maintain the navigable waters in a condition suitable for navigation and free from obstruction would, in many cases, be absolutely destroyed by the vicissitudes, the uncertainties, and the local environments attending criminal trials. An obstruction might exist and yet the evidence adduced in a criminal trial might not be sufficient in the minds of the jury to convince them beyond what the law calls a reasonable doubt, which is necessary in such trials in order to authorize a verdict of guilty.     The element of an intent might be wanting if such were held by the trial court to be necessary.     The person indicted may have placed the obstruction under a bona fide belief that he had a right to do it and this might result in his acquittal, and yet shall it be contended that, although this acquittal has taken place and in fact the obstruction is there, the government is deprived of its civil remedy to have it removed?  We think not.

It is our conclusion that there was error in the ruling of the Circuit Court, and the case is remanded, in order that proceedings may be had in accordance with this opinion.

Reversed.