## UNITED STATES v. GULLY.

(District Court, S. D. New York. December 28, 1922.)

1. **Customs duties** �köm133—**Acquittal under indictment for unlawful importation of liquors bars subsequent libel to forfeit vessel.**

Acquittal under indictment for unlawful importation of intoxicating liquors, in violation of Rev. St. §§ 2867, 2868 (Comp. St. §§ 5555, 5556), bars subsequent libel to forfeit vessel.

2. **Customs duties** ⊃134—**Indictment charging unlawful importation must be sustained by proof that liquors were brought into United States from outside United States.**

Indictment charging unlawful importation of intoxicating liquors, in violation of Rev. St. §§ 2867, 2868 (Comp. St. §§ 5555, 5556), must be sustained by proof that such liquors were brought into United States from outside United States.

3. **Customs duties** ⊃124—**Taking liquor from vessel outside four-league limit into United States held importation within United States; "import;" "bring into."**

Where small boat takes intoxicating liquor from ship outside four-league limit and carries it into United States, small boat has imported liquor into United States; "import" and "bring into" meaning any carriage of goods from outside United States within its borders.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Import—Importation.]

Forfeiture Libel. Proceeding by the United States against John Gully for forfeiture. Libel dismissed.

The United States Attorney, for libelant.

Walter A. Swett and Elijah N. Zoline, both of New York City, for claimant.

LEARNED HAND, District Judge. [1] I see no alternative here but to dismiss all counts of the libel under the ruling of Coffey v. U. S., 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684. That case held that, where an indictment for violation of the Internal Revenue Act (38 Stat. 745) had resulted in an acquittal, the facts which were necessary to that indictment had been conclusively established against the government and constituted an estoppel in a subsequent libel of information to forfeit. The case came up on such a libel and the claimant pleaded a prior acquittal, to which the libelant demurred, so that the case was decided baldly on the effect of the acquittal, and that was held to be as I have stated it.

[2] Now this, it seems to me, is a case necessarily covered by that decision. I have no doubt whatever that the Gully is liable to forfeiture here. In fact, all the counts seem to be sustained, except Rev. St. 2868 (Comp. St. § 5556), which I think cannot stand along with section 2867 (Comp. St. § 5555), though that is a matter which I will not go into here. But on each of the counts it is necessary that the liquors in question, which are identified as the same liquors charged in the indictment, should be brought into the United States from outside the United States. That is an essential fact in each count. The third count of the indictment alleged that the defendant, Dan Gully, imported and brought into the United States the liquor in question, and by the verdict it was determined that he had not brought it into the United States. With that determination, one of the essential facts necessary to all these counts is established against the libelant, and must be fatal to its case.

If, on the other hand, any of the counts of the libel do not require the bringing of the liquors from outside inside the United States, but are satisfied by a guilty transportation within the United States, then the acquittal on the fifth count of the indictment is fatal. In that count the claimant here was charged with transporting merchandise, knowing that it had been imported contrary to law. Such transportation necessarily is transportation within the United States, and this verdict determined that the defendant had not transported this merchandise knowing it to be imported contrary to law. Therefore, in so far as these counts in the libel can be interpreted as referring only to transportation within the United States, knowing that the goods had been wrongfully imported, the fifth count is an answer under the Coffey Case.

[3] I do not think that the counts can be so interpreted, and therefore I regard the third count as the truly relevant one. In so doing I interpret the words, "import" and "bring into," as meaning any carriage of goods from outside the United States within its borders, and in the absence of any authority to the contrary I do not hesitate to define those words in that sense. It seems to me it would be quite absurd to say that the evidence on the indictment, which was the same evidence as given here, ought to have resulted in the direction of a verdict for the defendant. I have no doubt whatever that, if a ship lies off the four-league limit, and a small boat comes out and takes liquor from her, and carries it into the United States, the small boat has imported the liquor within the United States. Therefore it is on the verdict on the third count in the indictment that I dismiss the libel.

It is clear to me that there was reasonable cause, and more than reasonable cause, for the libel in the first instance. Indeed, I may go further, and say that I never saw a clearer case of the violation of three of the sections here in question, though that has unfortunately nothing to do with the disposition of the case. I need hardly say that it is quite out of place for me to express any opinion as to whether the case of Coffey v. United States was correctly decided or not. That, of course, is a question which only the Supreme Court can reconsider.

The libel is dismissed. An exception is granted on each count.