### UNITED STATES v. 119 PACKAGES, MORE OR LESS, OF Z-G-HERBS XXX NO. 17, DOUBLE STRENGTH.

District Court, S. D. New York.
April 30, 1936.

Lamar Hardy, U. S. Atty., of New York City (Henderson Mathews and Craigh Leonard, both of New York City, and John T. Murphy, of counsel), for the United States.

John M. Cole, of New York City (Joshua R. H. Potts and Eugene Vincent Clarke, both of Chicago, Ill., and Basel H. Brune, of Chicago, Ill., of counsel), for Z. G. Herbs.

HULBERT, District Judge.

After the institution of this action, the government proceeded against the claimant by filing an information in criminal proceedings in the District Court of the United States for the Northern District of Illinois, Eastern Division.

The second count of the information covers the precise shipment of merchandise which is the subject-matter of this action.

On April 29, 1935, the court sustained a demurrer to said information, writing no opinion. Among the grounds of the demurrer were:

"The count does not charge any offence under the Pure Foods and Drug Act or any law of the United States because the count shows on its face that the statements, designs, or devices alleged to have been borne by the packages were not statements of curative or therapeutic effect, and therefore the Court [count] does not charge that the packages bore statements, designs or devices regarding curative or therapeutic effect.

"The count does not charge any offence under the Pure Foods and Drug Act or any of the laws of the United States, because the count does not allege any statements, designs or devices regarding the curative or therapeutic effect which are false and fraudulent or which could be deemed false and fraudulent."

In United States v. Oppenheimer, 242 U.S. 85, at page 87, 37 S.Ct. 68, 69, 61 L.Ed. 161, 3 L.R.A. 516, the court said: "We do not suppose that it would be doubted that a judgment upon a demurrer to the merits would be a bar to a second indictment in the same words. * * *

"Of course, the quashing of a bad indictment is no bar to a prosecution upon a good one."

The government neither appealed nor filed a superseding information, but the defendant amended its answer in this action to set up that judgment as res adjudicata and now moves to dismiss.

In Northern Pacific R. Co. v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 446, 51 L.Ed. 738, it was held that a judgment on demurrer is as conclusive as one rendered upon proof. The court there said: "The record shows that the demurrer was not upon merely formal or technical defects, but went to the merits."

The court is loath to interpret the determination made by another judge in another district, but from the record before me in that case it appears that the demur-

328

rer was sustained upon the ground that the goods were not misbranded. It was, therefore, disposed of upon the merits and not upon a mere technical defect.

Motion granted. Settle order on two days' notice.