**UNITED STATES v. GRAMER.**

No. 12741.

United States Court of Appeals
Ninth Circuit.

Sept. 28, 1951.

J. Charles Dennis, U. S. Atty., Vaughn Evans, Asst. U. S. Atty., Seattle, Wash., Arthur A. Dickerman, Atty., U. S. Food & Drug Administration, Federal Security Agency, Los Angeles, Cal., for appellant.

Todd, Hokanson & White, Richard S. White, Seattle, Wash., for appellee.

Before STEPHENS, BONE and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

A criminal action brought by the United States against Walter W. Gramer in a federal district court in Minnesota in 1949 charged Gramer, claimant herein, with the introduction into interstate commerce of misbranded drugs in violation of the Federal Food, Drug, and Cosmetic Act.[1] After a plea of not guilty was entered a trial on the merits was had and the district judge, sitting without a jury, adjudged claimant not guilty.

In January, 1950, two libels were filed by the government in the U. S. District Court for the Western District of Washington, against separate subsequent shipments of the same preparation of drugs as was involved in the Minnesota federal district court, for seizure and condemnation pursuant to provisions of the same act.[2] The cases were consolidated since the articles proceeded against and the charges were the same in both cases. It was undisputed that the contents of the bottles, the accompanying literature, the labeling, and all of the material issues except criminality, raised were the same as those involved in the prior 1949 criminal action.

Claimant's motion for summary judgment was granted for the reason that the issues raised by the government in the cause were adjudicated in favor of Gramer in the prior criminal action. Appeal is taken from the judgment of dismissal. Claimant contends that Coffey v. United States, 1886, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, requires an affirmance of the judgment below.

In the Coffey case, the government sought to forfeit certain property for the reason that there had been a failure to comply with the laws regulating distilled spirits. The conduct upon which the seizure was based was the same as that alleged in a prior criminal information which had resulted in a verdict and judgment of acquittal. The Supreme Court held that while the proceeding to enforce the forfeiture against the res was a proceeding in rem and a civil action and that the prior action was a criminal proceeding, yet irrespective of the difference in burden of proof involved, the act had been put in issue and determined against the United States, and therefore the judgment of acquittal operated to bar any statutory punishment denounced as a consequence of the existence of the same facts.

1. Title 21 U.S.C.A. § 301 et seq.

2. Title 21 U.S.C.A. § 334(a).

Subsequent decisions of the Supreme Court have strictly limited the operation of the Coffey rule, but the case has never been expressly overruled. True, in United States v. La Franca, 1931, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551, the Supreme Court held that a civil action to recover tax penalties under the National Prohibition Act, 27 U.S.C.A. § 1 et seq., was barred by a prior conviction based on the same transactions as the taxes. But at the same time, in Various Items of Personal Property v. United States, 1931, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558, the Supreme Court held that an action to forfeit certain distillery property was not barred by a prior conviction for the same transactions set forth in the libel as a basis for the forfeiture. While convictions were had in the two cited cases, acquittal was the result in the instant case.

In Helvering v. Mitchell, 303 U. S. 391, 58 S.Ct. 630, 82 L.Ed. 917, decided in 1938, the question for decision was whether assessment and collection of an income tax fraud penalty was barred by the acquittal of the defendant under the same act for a wilful attempt to evade and defeat the tax. The Court of Appeals had ruled that Coffey v. United States, supra, and United States v. La Franca, supra, required it to treat the penalty as barred by the prior acquittal in the criminal action.

The Supreme Court held that the difference in degree of the burden of proof in criminal and civil cases precluded application of the doctrine of *res judicata*. Since the fraud assessment was held to impose a civil administrative sanction to prevent the withholding of information by taxpayers, and not a criminal penalty, it was held not to place the defendant twice in jeopardy for the same offense, and not within the rule of the Coffey case.

In United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 387, 87 L.Ed. 443, a statutory action providing that those who defraud the government by certain prohibited acts should "forfeit and pay" to the United States $2,000 and double the amount of damages, was held not barred by the fact that the defendant had been previously indicted for the same acts and on a plea of nolo contendere, fined $54,000. The court relied upon Helvering v. Mitchell, supra, and indicated that the question was one of statutory construction.

We need not dwell upon the problem of whether or not the Coffey case, even if limited to its facts, is still the rule in federal courts.[3] The expressions of the Court of Appeals for the Third Circuit in United States v. One Dodge Sedan, 3 Cir., 113 F. 2d 552, 553, adequately covered our views on that subject when it stated that " * * only the shibboleth of 'stare decisis' has saved it from express repudiation." A consideration of the subsequent holdings of the Supreme Court, discussed above, lead us to the conclusion that in the case before us neither the judicial doctrine of *res judicata* nor the constitutional mandate against double jeopardy operates to prevent the action here involved.

*Res Judicata.* Where a right, question or fact has been put in issue and determined by a court of competent jurisdiction, as a ground of recovery, it cannot again be disputed in a subsequent suit between the same parties or their privies. Southern Pacific R. Co. v. United States, 1897, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed.

---

3. Consult: Stone v. United States, 1897, 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127; Murphy v. United States, 1926, 272 U.S. 630, 47 S.Ct. 218, 71 L.Ed. 446; United States v. National Association of Real Estate Boards, 1950, 339 U.S. 485, 70 S.Ct. 711, 94 L.Ed. 1007. But see: United States v. Zucker, 1896, 161 U.S. 475, 16 S.Ct. 641, 40 L.Ed. 777; United States v. A Lot of Precious Stones and Jewelry, 6 Cir., 1905, 134 F. 61; United States v. Rosenthal, 5 Cir., 1909, 174 F. 652; Sierra v. United States, 1 Cir., 1916, 233 F. 37; United States v. 2180 Cases of Champagne, 2 Cir., 1926, 9 F.2d 710; Stanley v. United States, 6 Cir., 1940, 111 F.2d 898; United States v. One De Soto Sedan, 4 Cir., 1950, 180 F.2d 583; United States v. Seattle Brewing & Malting Co., D.C.Wash., 1905, 135 F. 597; United States v. Gully, D.C.N.Y., 1922, 9 F.2d 959; United States v. 119 Packages, More or Less, of Z-G-Herbs XXX No. 171, Double Strength, D.C. N.Y., 1936, 15 F.Supp. 327.

355. But the Supreme Court has held that neither the doctrine of *res judicata* nor the rule of the Coffey case has application to a situation where there has been an acquittal on a criminal charge followed by a civil action requiring a different degree of proof.[4] Helvering v. Mitchell, 1938, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917.

Hence, since the prior action by the government was criminal in nature, while the cause before us is civil, the doctrine of *res judicata* does not operate to make the acquittal a bar. Helvering v. Mitchell, supra.

 *Double Jeopardy.* The principle behind the double jeopardy provision of the Fifth Amendment to the United States Constitution is that when a person has been acquitted on the merits the government shall not prosecute him a second time for the same offense. United States v. Oppenheimer, 1916, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161. Since it is admitted that the libels filed herein did not seek to condemn the same shipment of preparation which was involved in the prior criminal action it is immediately apparent that there is no question of double jeopardy involved. This factor also distinguishes the case from our opinion in National Surety Co. v. United States, 9 Cir., 1927, 17 F.2d 369, which case must be read with more recent expressions of the Supreme Court in mind. In addition, the Supreme Court has held in the Various Items of Personal Property case, supra, that a proceeding in *rem* to forfeit property used in committing an offense is not punitive in character, and therefore is not barred by a prior conviction for a criminal offense involving the same transactions. This would seem especially true in a condemnation proceeding under the Federal Food, Drug, and Cosmetic Act, where the purpose is not to punish the owner of the goods but to protect the public health. Ewing v. Mytinger & Casselberry, 1950, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088; Hipolite Egg Company v.

United States, 1911, 220 U.S. 45, 31 S.Ct. 364, 55 L.Ed. 364.

If the Coffey case is to be considered as the law its doctrine, if taken to rule the instant case, would lead to great governmental limitation and public harm. An acquittal, even through wholly inadequate proof of violation of the Food, Drug and Cosmetic Act, could practically stop the government from preventing the sale of a most harmful or wholly ineffective nostrum. Extension of the Coffey rule would not be justified unless clearly required.

There is no doubt that the trial court was faced with a delicate question and, in the necessity of ruling promptly, committed error, which requires the judgment to be,

Reversed and the cause remanded.

---

4. This is not a case of successive libel proceedings involving the same issues as in Geo. H. Lee Co. v. United States, 9

Cir., 1930, 41 F.2d 460. See Southern Pacific Co. v. Van Hoosear, 9 Cir., 1934, 72 F.2d 903.