UNITED STATES of America, Appellant,

v.

ONE 1953 OLDSMOBILE 98 4 DOOR SEDAN, Motor Number R257687, Appellee.

No. 6965.

United States Court of Appeals Fourth Circuit.

Argued April 22, 1955.

Decided May 10, 1955.

L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., for appellant.

Russell T. Bradford, Norfolk, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Virginia, entered January 21, 1955, which granted a motion to dismiss a libel of information in a cause for forfeiture and did further remit the forfeiture and grant possession to one Katherine A. Hoffler, of one 1953 Oldsmobile 98 4-Door Sedan, Motor No. R257687, which had been condemned by the United States of America under the Internal Revenue Laws relating to intoxicating liquors, Sections 3116 and 3321, Title 26, U.S.C.A.

Forfeiture of this 1953 Oldsmobile 98 4-Door Sedan is sought by the Government on the allegation that it was used as a "convoy" for another vehicle, a 1950 Oldsmobile. In the 1950 Oldsmobile were 150 gallons of non-tax paid spirits. As the officers approached the car containing the illicit whiskey, the driver of the 1953 Oldsmobile, one Selden Guy Hoffler, the Government alleges, attempted to place it in such position as to block the way and permit the escape of the 1950 Oldsmobile. The driver of the 1950 Oldsmobile, Hubert Earl Hoffler, attempting to escape, was apprehended and arrested. At the trial of both these defendants, Hubert Earl Hoffler, the driver of the 1950 Oldsmobile, was found guilty while the driver of the 1953 Oldsmobile, Selden Guy Hoffler, the so-called blocking or convoying car, was found not guilty.

The registered owner of the vehicle, Katherine A. Hoffler, who is the wife of Hubert Earl Hoffler and the sister-in-law of Selden Guy Hoffler, intervened in the forfeiture proceeding as did the General Motors Acceptance Corporation. The motion to dismiss the libel was based on the fact that Selden Guy Hoffler, the operator of the 1953 Oldsmobile, had been acquitted of the criminal charge based on the same facts upon which the forfeiture of the vehicle is predicated.

The only question before us on this appeal is whether or not the acquittal in the criminal action of Selden Guy Hoffler on May 21, 1954, for the acts specifically alleged as the grounds for the forfeiture of the car in the libel proceeding, constitutes a bar to the civil forfeiture proceeding in which the claimant is not Selden Guy Hoffler but Katherine Hoffler, the titled owner of the car.

It seems that the District Judge grounded his decision on the well known case of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684. We quote from his opinion:

"The Court is mindful of the frequent criticisms of the case of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, but despite this criticism it appears that the Coffey case has still been followed by this Circuit. See United States

v. One DeSoto Sedan, 1946 Model [D.C.], 85 F.Supp. 245, affirmed in a per curiam opinion; United States v. One DeSoto Sedan, 1946 Model [4 Cir.], 180 F.2d 583."

A lot of water has gone over the dam, and a great deal of whiskey has come from the stills, since the Coffey decision nearly seventy years ago. The authority of that case, we think, has been seriously impaired by Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917. In that case it was held that, under the Revenue Act of 1928, the defendant's acquittal on a criminal charge of willful attempt to evade federal taxes does not bar the collection of the 50% addition to the tax imposed on the ground of fraud with intent to evade the tax. In his opinion in this case, Mr. Justice Brandeis had this to say of the Coffey case, 303 U.S. at pages 405–406, 58 S.Ct. at page 636:

"Mitchell insists that Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, requires affirmance of the judgment; the Government argues that this case is distinguishable, and, if not, that it should be disapproved. The Circuit Court of Appeals, citing Stone v. United States, 167 U.S. 178, 186–189, 17 S.Ct. 778, 42 L.Ed. 127, and later cases, recognized that the rule of the Coffey Case 'did not apply to a situation where there had been an acquittal upon a criminal charge followed by a civil action requiring a different degree of proof'; but construing section 293(b) as imposing a penalty designed to punish fraudulent tax dodgers 'and not as a mere preventive measure,' it thought that the Coffey Case and United States v. La Franca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551, required it 'to treat the imposition of the penalty of 50 per cent. as barred by the prior acquittal of Mitchell in the criminal action.' Since we construe section 293(b) as imposing a civil administrative sanction, neither case presents an obstacle to the recovery of the $364,354.92, the 50 per centum addition here in issue."

From this same opinion, we also quote, 303 U.S. at page 400, 58 S.Ct. at page 633:

"Forfeiture of goods or their value and the payment of fixed or variable sums of money are other sanctions which have been recognized as enforceable by civil proceedings since the original revenue law of 1789. Act of July 31, 1789, c. 5, § 36, 1 Stat. 29, 47. In spite of their comparative severity, such sanctions have been upheld against the contention that they are essentially criminal and subject to the procedural rules governing criminal prosecutions."

And again, 303 U.S. at pages 402–404, 58 S.Ct. at page 634:

"Civil procedure is incompatible with the accepted rules and constitutional guaranties governing the trial of criminal prosecutions, and where civil procedure is prescribed for the enforcement of remedial sanctions, those rules and guaranties do not apply. Thus the determination of the facts upon which liability is based may be by an administrative agency instead of a jury or if the prescribed proceeding is in the form of a civil suit, a verdict may be directed against the defendant; there is no burden upon the Government to prove its case beyond a reasonable doubt, and it may appeal from an adverse decision; furthermore, the defendant has no constitutional right to be confronted with the witnesses against him, or to refuse to testify; and finally, in the civil enforcement of a remedial sanction there can be no double jeopardy."

Though the Coffey case seems never to have been definitely overruled by the Supreme Court, the doctrine of the case has come in for no little criticism. And the Circuit Courts of Appeal have manifested a clear tendency to distinguish the case and limit its application.

From Judge Gilliam's opinion in United States v. One DeSoto Sedan, D.C., 85 F.Supp. 245, 246–247, we quote:

"So far as I know, the Coffey case has not been overruled. It is true that the holding has been criticized in subsequent cases as pointed out by Judge Clark in the case of United States v. One Dodge Sedan, 3 Cir., 113 F.2d 552, 553; in these words: 'The learned district court rendered its judgment with obvious reluctance. That reluctance appears both in its opinion and in the colloquies. It felt itself bound, however, by the decision of the United States Supreme Court in the case of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684. That case has received a distinctly "unfavorable press." It has also suffered by implication, at least, in later decisions of the same tribunal. These cases certainly limit its holding to the particular facts. * * * We think that the particular facts of the principal case give us the necessary loophold and in so thinking we must disagree with the learned district judge.'

"Conceding some reluctance on the Court's part, in view of cases since decided, to hold that the decision in the Coffey case controls a disposition of this case, it has not found the 'necessary loophole' to avoid such holding. In United States v. One Dodge Sedan, above cited, the claimant was the wife of the acquitted driver and was not a party to the criminal proceeding and the decision of the Court to the effect that the Coffey case was not controlling was based upon the fact that the parties in the two actions were not the same. On page 554 of 113 F.2d the Court said: 'As we have said, the Coffey case has not been expressly overruled. It is nevertheless left in a tenuous position. A prior conviction has been held not to bar forfeiture. * * * So also the res judicata theory of it and earlier cases seems to have been disapproved * * *. Whether or not that disapproval has gone far enough to be followed by the "inferior" courts is not necessary to presently decide. Res judicata imports, by definition almost, the same parties. It is not enough that in some court somewhere the same facts have been decided. Those same facts must be viewed from the point of view of the parties giving them legal scrutiny. Here the parties are not the same. * * * The claimant here is not even the person charged with crime. She is his quite innocent wife. She must then be held to her proof of the innocence of the chattels she now wishes to rescue from the clutches of the allegedly offended government.'

"The holding in United States v. One 1935 Model Pontiac Sedan, 6 Cir., 105 F.2d 149, is likewise based on the fact that the parties to the libel proceedings were not the same parties as those in the criminal prosecution, and the opinion states on page 150: 'Inasmuch as the claimant was not a party to the criminal proceeding, we are of the opinion that Coffey v. United States is not controlling and that the United States is entitled to have the issue as to whether the automobile in question was being operated by Hobgood in violation of the statute litigated in this proceeding.' In this case Hobgood was driving the libeled automobile, but the claimant was another person."

In United States v. Gramer, 9 Cir., 191 F.2d 741, 27 A.L.R.2d 1132, where the person acquitted and the claimant were the same person, it was held that the acquittal in the criminal proceeding did not bar a forfeiture (under the Food, Drug and Cosmetics Act, 21 U.S.C.A. § 301 et seq.) of misbranded drugs. In his opinion in this case, Circuit Judge Stephens, 191 F.2d at page 744, said:

"Hence, since the prior action by the government was criminal in

nature, while the cause before us is civil, the doctrine of *res judicata* does not operate to make the acquittal a bar \* \* \*. If the Coffey case is to be considered as the law its doctrine, if taken to rule the instant case, would lead to great governmental limitation and public harm. An acquittal, even through wholly inadequate proof of violation of the Food, Drug and Cosmetic Act, could practically stop the government from preventing the sale of a most harmful or wholly ineffective nostrum. Extension of the Coffey rule would not be justified unless clearly required."

In the instant case before us (as we have indicated), the acquitted driver of the car and the claimant were different persons. We gladly avail ourselves of this loophole to escape the doctrine of the Coffey case, which we consider to be at least of doubtful validity.

While it is at least questionable whether the Supreme Court, in the Coffey case, had this distinction clearly in mind, it is important that Mr. Justice Blatchford's opinion, in several places, limits the rule in terms to cases in which the acquitted person is also the claimant of the car. We quote from this opinion, 116 U.S. at pages 443, 444, 6 S.Ct. at page 440:

> "Yet where an issue raised, as to the existence of the Act or fact denounced, has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, *that judgment is conclusive in favor of such person on the subsequent trial of a suit in rem by the United States, where, as against him, the existence of the same act or fact is a matter in issue as a cause for the forfeiture of the property prosecuted in such suit in rem.* (Italics ours.)
>
> \* \* \* \* \* \*
>
> "When an acquittal in a criminal prosecution in behalf of the government is pleaded or offered in evidence, *by the same defendant,* in an action against him by an individual, the rule does not apply, for the reason that *the parties are not the same;* and often for the additional reason that a certain intent must be proved to support the indictment, which need not be proved to support the civil action. *But upon this record, as we have already seen, the parties and the matter in issue are the same.* (Italics ours.)
>
> \* \* \* \* \* \*
>
> "This doctrine is peculiarly applicable to a case like the present, *where, in both proceedings, criminal and civil, the United States are the party on one side and this claimant the party on the other.* The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute of foundation of any punishment, personal or pecuniary, did not exist. This was ascertained once for all, between the United States *and the claimant,* in the criminal proceeding, so that the facts cannot be again litigated between *them,* as the basis of any statutory punishment denounced as a consequence of the existence of the facts." (Italics ours.)

See, also, United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Lewis v. Frick, 233 U.S. 291, 34 S.Ct. 488, 58 L.Ed. 967; Chantangco v. Abaroa, 218 U.S. 476, 31 S.Ct. 34, 54 L.Ed. 1116; United States v. Glidden Co., 6 Cir., 119 F.2d 235; United States v. Bower, D.C., 95 F.Supp. 19; United States v. Plymouth Coupe, D.C., 88 F. Supp. 93; United States v. Manufacturing Apparatus, Oleomargarine, and Raw Materials of Western Oleomargarine Co., D.C., 240 F. 235, 236; United States Fidelity & Guaranty Co. of Baltimore, Md. v. United States, 9 Cir., 150 F. 550; United States v. Donaldson-Shultz Co., 4 Cir., 148 F. 581; United States v. A Lot of Precious Stones & Jewelry, 6

Cir., 134 F. 61; United States v. Jaedicke, D.C., 73 F. 100; United States v. Olsen, D.C., 57 F. 579.

Even where the claimant of property which is the subject of a forfeiture proceeding has been acquitted of the crime which is the basis of the alleged forfeiture, the acquittal may not be relied upon as res judicata or collateral estoppel, under the principles laid down in Helvering v. Mitchell, supra, because of the difference in the burden of proof prevailing in civil and criminal cases, the forfeiture being a civil proceeding. The question of double jeopardy, which the court was at pains to discuss in Helvering v. Mitchell, 303 U.S. at pages 401–406, 58 S.Ct. 634–636, does not arise where the claimant of the property is a person other than the one who has been acquitted of crime.

For the reasons stated, the judgment of the District Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

Reversed and remanded.