**UNITED STATES of America,**
**Appellant,**

v.

**ONE 1956 FORD FAIRLANE TUDOR**
**SEDAN, MOTOR NO. M6ET100140,**
**Appellee.**

**No. 6098.**

United States Court of Appeals
Tenth Circuit.

Nov. 27, 1959.

Paul M. Brewer, Asst. U. S. Atty., Muskogee, Okl. (Frank D. McSherry, U.

S. Atty., and Harry G. Fender, Asst. U. S. Atty., Muskogee, Okl., were with him on the brief), for appellant.

No appearance for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The government seeks the forfeiture of a Ford Fairlane automobile under 26 U.S.C. §§ 7301 and 7302 because of the transportation therein of sugar allegedly intended for use in the unlawful manufacture of distilled spirits. The car is claimed by its owner, Kirkes, who was driving it at the time of seizure. Kirkes was indicted under 26 U.S.C. § 5686(b) for the possession of property intended for use in violation of the provisions of Chapter 51 of the Internal Revenue Code of 1954 which relate to the manufacture of distilled spirits. He was tried by a jury and acquitted. The criminal prosecution and these forfeiture proceedings are based on the same set of facts.

On the ground that the acquittal in the criminal case barred recovery in this case, the trial court directed a verdict in favor of the defendant.

█ We are unable to distinguish this case from Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, wherein it was held that the acquittal of Coffey on various liquor tax charges barred forfeiture proceedings. Asserting that neither the principle of double jeopardy nor the principle of res judicata is applicable here and that this forfeiture proceeding is remedial and not punitive in nature, the government relies on Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917, to sustain its position. However, in that case the Supreme Court did not overrule the Coffey decision but instead expressly distinguished it.[1]

In United States v. One Dodge Sedan, 3 Cir., 113 F.2d 552, and United States v. One 1953 Oldsmobile 98 4 Door Sedan, 4 Cir., 222 F.2d 668, the questions posed

---

1. United States v. One DeSoto Sedan, 4 Cir., 180 F.2d 583.

by Coffey and the authorities bearing thereon are presented in a comprehensive manner.[2] In each of those cases the applicability of Coffey was denied because the claimant of the car was not the person tried and acquitted in the criminal proceedings. Here we have no such distinction.

 Any departure from Coffey and its "uncritical language"[3] must come from the Supreme Court.[4] We are bound by the rule therein announced.

Affirmed.

---

2. The topic is also covered by an annotation in 27 A.L.R.2d 1137.

3. See dissenting opinion in United States ex rel. Marcus v. Hess, 317 U.S. 537, 554, 63 S.Ct. 379, 87 L.Ed. 443.

4. In United States v. National Association of Real Estate Boards, 339 U.S. 485, 70 S.Ct. 711, 94 L.Ed. 1007, Coffey is cited with apparent approval. See note 6 on page 493 of 339 U.S., on page 716 of 70 S.Ct.