## Opinion of the Justices.

The constitutional provision that all money bills shall originate in the house of representatives refers to only such measures as are designed for the raising, levying, and collecting of revenue; and all other bills which directly or indirectly carry appropriations of money from the state treasury may originate in the senate.

Whether the legislature may authorize, by special or general laws, the exemption from taxation of capital proposed to be invested in the erection of buildings to be used as summer hotels, *quære*.

*To the Senate of New Hampshire:*

The undersigned, justices of the supreme court, respectfully comply with your requisition for our opinion as to the authority of your honorable body, under article 17, part II, of the constitution, to originate measures which directly or indirectly carry appropriations of money from the state treasury.

The temporary constitution of the state, adopted January 5, 1776, provided "That all bills, resolves, or votes for raising, levying, or collecting money originate in the house of representatives." Laws, *ed.* 1780, *p.* 3. This plainly referred to revenue bills only. In the succeeding constitution of 1784, the language upon the subject was, " All money bills shall originate in the house of representatives; but the senate may propose or concur with amendments, as on other bills," and this language has since remained unchanged. Such being the historical evidence, we find in the constitution of 1784 no sufficient change of phraseology to indicate an intention of its makers to change the meaning or construction of the original provision in the constitution of 1776, as to " raising, levying, or collecting money," but merely such alterations as were designed to make that provision more concise.

But, irrespective of the foregoing considerations, we are of opinion that while all bills for the raising of revenue must originate in the house of representatives, all other bills may originate in the senate. *Opinion of the Justices*, 126 Mass. 557. The provision in question is identical with the corresponding provision of the Massachusetts constitution, adopted three years before the adoption of our constitution, which had been interpreted by the court of that state to mean a bill imposing a direct tax upon the people. *Ib.* 596. From the hasty examination of the journals of the senate and house of representatives that we have been able to make, it seems that the early practice in this state was the same as in Massachusetts. See Journals of Senate, June session, 1784, *p.* 18; June session, 1791, *pp.* 26, 35, 43; November session, 1797, *pp.* 73, 118.

Relative to the remaining question as to the constitutional power of the legislature " by either special or general legislation to authorize towns to exempt from taxation for a term of ten years capital proposed to be invested in such towns in the erection of buildings to be used as summer hotels," we are of opinion that there is no difference in principle between the exemption from taxation of summer hotel property and the manufacturing and other property specified in the Public Statutes, chapter 55, sections 11 and 12; and that the power of the legislature, either by special or general laws, to make or authorize such exemptions is the same in the one case as in the other.

Whether the true construction of the constitution authorizes the making of any exemption tax contracts, is a question which would require so much investigation that a well considered answer could not be given in season to afford any aid at the present session of your honorable body.    *Opinion of the Justices*, 58 N. H. 623, 624, 625.

ISAAC N. BLODGETT.
WILLIAM M. CHASE.
ROBERT M. WALLACE.
FRANK N. PARSONS.
ROBERT G. PIKE.
ROBERT J. PEASLEE.
JOHN E. YOUNG.