Request of the Senate
No. 7237

## OPINION OF THE JUSTICES

June 17, 1975

The following request of the senate for an opinion of the justices was adopted on June 10, 1975, and filed in this court on June 11, 1975:

"Whereas, there is presently pending before the Senate, House Bill 1006, An Act increasing certain sources of revenue for the state; and

"Whereas, an amendment to House Bill 1006 has been proposed in the Senate; and

"Whereas, the question has been raised as to the constitutionality of the Senate's proposing the amendment to House Bill 1006; now, therefore, be it

"Resolved by the Senate:

"That the justices of the Supreme Court be respectfully requested to give their opinion on the following questions:

"1. Are the provisions of the proposed amendment to House Bill 1006 a money bill as specified by Article 18 of Part Second of the Constitution of New Hampshire?

"2. If the answer to question 1 is in the affirmative, does such amending of House Bill 1006 by the Senate constitute originating a money bill by the Senate and therefore violate Article 18 of Part Second of the Constitution of New Hampshire?

"That the clerk of the Senate forward ten copies of these resolutions, ten copies of House Bill 1006 and ten copies of the proposed amendment to House Bill 1006 to the Justices of the Supreme Court."

The following answer was returned:

*To the Honorable Senate:*

The undersigned justices of the supreme court give the following answer to the questions contained in your Resolution No. 16 of June 10, 1975, filed with the court on June 11, 1975.

The amendment proposed by the senate to House bill 1006 would authorize the sweepstakes commission to operate a game of skill in which an eligible purchaser of a weekly sporting event list may attempt to select the winners of the sporting events contained on the list and to win prizes if he does so successfully.

The first question in your resolution is: "Are the provisions of the proposed amendment to House Bill 1006 a money bill as specified by Article 18 of Part Second of the Constitution of New Hampshire?"

Part II, article 18 of the State constitution states that "All money bills shall originate in the house of representatives; but the senate may propose, or concur with, amendments, as on other bills." In *Opinion of the Justices,* 70 N.H. 642, 50 A. 329 (1901), and *Opinion of the Justices,* 102 N.H. 80, 150 A.2d 813 (1959), the senate was advised that "money bills" within the meaning of part II, article 18 are those "imposing a direct tax upon the people" (70 N.H. at 642, 50 A. at 329), those that "raise money by direct taxation" (102 N.H. at 82, 150 A.2d at 815). The justices said in those opinions that such money bills must originate in the house of representatives. 1 J. Sutherland, Statutory Construction § 9.06 (4th ed. C. Sands 1972).

Direct taxation means taxes upon polls and estates. *Opinion of the Justices,* 101 N.H. 518, 521, 131 A.2d 818, 820 (1957). The amendment proposed by the senate is not a tax upon polls and estates. If the amendment is enacted, the moneys to be raised under it would be the effect of a voluntary act by the purchaser, not of an "'enforced contribution to provide for the support of government,' the standard definition of a tax. *United States v. LaFranca,* 282 U.S. 568, 572 (1931)." *United States v. State Tax Comm'n of the State of Mississippi,* 43 U.S.L.W. 4681, 4683 (U.S. June 2, 1975.)

The amendment proposed by the senate would appropriate the net proceeds received from the sale of weekly sporting event lists equally to school districts and toward the health and educational needs of children in the State. A bill appropriating state money is not a money bill within the meaning of part II, article 18, and "may originate in either the House of Representatives or the Senate."

*Opinion of the Justices,* 102 N.H. 80, 82, 150 A.2d 813, 815 (1959); *Opinion of the Justices,* 337 Mass. 800, 809-10, 152 N.E.2d 90, 95-96 (1958); 1 J. Sutherland, Statutory Construction § 9.06 (4th ed. C. Sands 1972).

The views expressed in our earlier opinions and repeated here construing what constitutes a money bill that must originate in the house of representatives and construing appropriations of state money as not constituting money bills represent the general rule in the United States. 1 J. Sutherland *supra;* Annot., 4 A.L.R.2d 973 (1949).

The amendment proposed by the senate not being a money bill within the meaning of part II, article 18 of the State constitution, the answer to your first question is "No".

This answer renders consideration of your second question unnecessary.

> FRANK R. KENISON
> LAURENCE I. DUNCAN
> EDWARD J. LAMPRON
> WILLIAM A. GRIMES
> ROBERT F. GRIFFITH